PER CURIAM.
Respondent, Tobias Simon, a member of The Florida Bar, has filed in this Court a motion stating that charges alleging professional misconduct by him have been filed with The Florida Bar and that the Seventh Judicial Circuit Grievance Committee “B” is now investigating said charges. Respondent further alleged that he had been served with a notice of hearing by said Grievance Committee, which notice advised him that he was charged with the solicitation of legal business. The notice also advised respondent of his right to either appear before said committee, in person or by counsel, for the purpose of explaining, refuting or admitting the charges, or to submit a written statement explaining, refuting or admitting the charges.
Respondent also alleges that pursuant to Rule 11.12, Article 11, Integration Rule of The Florida Bar, 31 F.S.A., he has filed with The Florida Bar a request in writing that the proceedings against him be made public information.
Respondent’s motion prays that this Court enter an order requiring that all matters and proceedings against, him under the pending charges be made public information.
We have heard argument by counsel representing respondent and The Florida Bar, following which we entered an order continuing further action and hearings by said Grievance Committee and The Florida Bar until further order of this Court.
*374 Article 11, Integration Rule, contains the rules relating to discipline of members of The Florida Bar. It provides first for an investigatory procedure conducted by a Grievance Committee. After conducting its investigation a Grievance Committee may make either a finding and recommendation of probable cause or no probable cause, but before recommending to the Board of Governors a finding of probable cause the attorney under investigation must be advised in general terms of the nature of the conduct under investigation and be given the opportunity to appear before the Grievance Committee, personally or by counsel, to explain, refute or admit the charges, or to file a written explanation, refutation or admission thereof. Rule 11.04 (2).
Except for this notice and oppor-tuhity to be heard the attorney under investigation is not a party to the Grievance Committee proceeding and has no right to participate therein, although he may be required to testify and produce evidence as any other witness.
If the Grievance Committee determines that it will not recommend to the Board of Governors a finding of probable cause the matter is ended and the file is disposed of as directed by the Board of Governors. If the accused attorney has been notified of the investigation he shall also be notified of the finding of no probable cause. Rule 11.04(5) (a).
We think it necessary now to rule on respondent’s motion only as it pertains to his right to make public information the proceedings before the Grievance Committee. If the Grievance Committee shall recommend probable cause and the respondent’s rights not be accorded him we can then determine any further questions presented to us.
The proceedings before the Grievance Committee are closely akin to proceedings had before a grand jury. Their purpose is solely to determine whether there is probable cause to proceed further. Such proceedings are confidential. This confidentiality is not only for benefit of the accused attorney, but is required for other reasons, one being to insure that the investigation may be conducted unhampered by possible interference with witnesses or other action of the person under investigation. We do not by this imply that the respondent here involved would attempt to hamper an investigation of himself.
Rule 11.12 specifically provides that all disciplinary proceedings are confidential except as provided therein. Rule 11.12(1) specifies that upon written request of the respondent attorney, as was done in this case, “ * * * those parts of the proceedings prior to trial which are required to be served upon an accused, and the record of the proceeding as elsewhere defined, shall become public information * *
Until the Grievance Committee recommends probable cause to the Board of Governors the only part of the proceedings required to be served on the respondent seems to be the notice of the nature of the conduct of the respondent under investigation by the Grievance Committee, or the notice of a finding of no probable cause.
Therefore we conclude that the only document, thing, or part of the proceedings which the respondent may make public information at this time is the notice, a copy of which is attached to the motion filed before us, given to the respondent pursuant to Rule 11.04(2), Article 11, of the Integration Rule. If the Grievance Committee determines not to recommend probable cause the notice thereof required to be served on respondent under Rule 11.04(5) (a) may also be made public information. If the Grievance Committee recommends probable cause the respondent may make public information all matters and things required to be served on him under the Rules.
As stated above, if the proceedings progress beyond the Grievance Committee we will on appropriate petition or motion con *375 sider any further aspects of this matter as may he required to protect the rights of the parties.
It is so ordered.
DREW, C. J., and THORNAL, O’CON-NELL and CALDWELL, JJ., concur.
ERVIN, J., concurs specially with opinion.