THORNAL, Justice.
We have for consideration two original motions filed by respondent in connection with a disciplinary investigation which has been instituted by a grievance committee of The Florida Bar.
Ordinarily a grievance proceeding at this stage would be handled as a confidential matter. Rule 11.12, Integration Rule of The Florida Bar, 31 F.S.A. However, by filing his motions among the public records of this Court, the petitioner has waived the cloak of confidential protection to the extent necessary to dispose of the motions.
By the documents filed here, respondent Wagner reveals that Grievance Committee “A” of the Seventh Judicial Circuit is conducting an investigation into his professional conduct. He alleges that a Notice of Investigation served upon him contains eleven separate charges against him.
By one motion Mr. Wagner seeks a bill of particulars with respect to nine of the eleven charges which are being investigated. He asks for specificity of detail regarding dates, time and place of events, amounts of money and names of witnesses.
The function of a grievance committee under the Integration Rule is to conduct investigations of alleged misconduct of lawyers. The proceeding before the committee is informal and non-adversary in character. The rules of evidence are relaxed. The purpose of the investigation is to determine whether the evidence is sufficient to recommend to the Board of Governors of the Bar a finding that probable cause for discipline exists. This committee does not render the determining judgment that probable cause exists. It merely *35 recommends its findings to the Board. Rules 11.04(1) (a), and 11.04(5) (b), The Integration Rule, supra.
The Board of Governors, upon a review of the record, makes the ultimate decision as to whether probable cause for discipline exists and whether a complaint should be filed. The Florida Bar v. Simon, Fla., 171 So.2d 372.
In Simon we analogized the grievance committee investigation to a proceeding before a grand jury. Both are non-adversary; the proceedings before them are confidential; in neither is there a right to confrontation and cross-examination by the one being investigated. There is a difference. An indictment found by a grand jury is not subject to the type of supervisory inspection as is the finding of a grievance committee. Under the Integration Rule there is no required adversary hearing unless the Board of Governors itself finds probable cause and directs the filing of a complaint. Then the contest is before a referee. Rule 11.06, The Integration Rule, supra.
 At the grievance committee stage, therefore, there is no entitlement to a so-called bill of particulars. Actually the grievance committee itself is without particulars until it completes its investigation. If the grievance committee recommends a finding of probable cause, then the accused lawyer is entitled to a copy of the report, and additionally a copy of the record if he chooses to pay for it. Rule 11.04(5) (b), The Integration Rule, supra.
The respondent, Wagner, also seeks an order disqualifying the Grievance Committee because of alleged prejudice against him. Again, the nature of the proceeding is overlooked. This committee is principally investigatory. It is primarily the procedural vehicle for gathering the evidence and reporting it to the Board of Governors. The Board makes the actual determination that probable cause for disciplinary' action has been shown. Rula 11.05, The Integration Rule, supra. The recommendations of the grievance committee are not entitled to any presumption of correctness, and, as we have said, there is no adversary proceeding until the matter reaches the referee. Rule 11.06, supra. If dissatisfied with a member of a grievance committee, the Board of Governors has adequate removal powers. Rule 11.03(2) (g), The Integration Rule, supra.
We interpolate, parenthetically, that over the years we have found the local grievance committees to be fair and just in regarding the rights of lawyers, while showing diligence and equal fairness in their concerns for the welfare of the public and complaining clients.
One aspect of the charges leveled by the respondent justifies further comment. Mr. Wagner alleges that a special investigator employed by the Bar has circulated throughout the community, and particularly among respondent’s clients, charging him with dishonesty and unethical practices. It is claimed that this investigator has indiscriminately informed various people that an investigation of respondent was being conducted and in effect sought- to incite or encourage his clients to make charges against him. If, in fact, such conduct has occurred, it should be discontinued. It would be a violation of the confidential nature of the grievance investigatory process. Rule 11.12, The Integration Rule, supra. While on occasions, it may be necessary to use the services of such an investigator solely to gather the evidence for presentation to the committee, he should be cautiously selected for intelligence and discretion. It is the responsibility of the committee and the Board of Governors to see to it that such an investigator complies with the Integration Rule in all respects. A wilful violation of the Rules could subject the investigator to appropriate action by this Court. Certainly he should refrain from exercising the rather barratrous function of purposefully exciting dissatisfaction *36 with lawyers and he must regard scrupulously the highly confidential nature of his undertaking.
In view of what we have said regarding the nature of the proceeding up to this point, the motions of the respondent are denied.
It is so ordered.
DREW, C. J., and THOMAS, ROBERTS and O’CONNELL, JJ., concur.