447 So.2d 1342 (1984)
THE FLORIDA BAR, Complainant,
v.
Richard E. GENTRY, Respondent.
No. 62061.
Supreme Court of Florida.
March 8, 1984.
Rehearing Denied May 2, 1984.
John F. Harkness, Jr., Executive Director, John T. Berry, Staff Counsel and Dale E. Krout, Jr., Bar Counsel, Tallahassee, for complainant.
Richard E. Gentry, in pro. per., St. Augustine, for respondent.
PER CURIAM.
This disciplinary proceeding is before us on the complaint of The Florida Bar and the report of the referee recommending that petitioner, Richard E. Gentry,[*] be found guilty of violating the Integration Rules of The Florida Bar and the Disciplinary Rules of the Code of Professional Responsibility. We accept the referee's final recommendation as to the disciplinary measures to be applied. We have jurisdiction pursuant to article V, section 15 of the Florida Constitution.
*1343 The referee's findings and recommendations, in summary, are as follows:

COUNT ONE
After receiving funds from a client in trust, Gentry removed them from an identifiable trust account and deposited them in a personal savings account. Upon termination of the attorney-client relationship, Gentry refused to return the funds when demanded by the client. He later pledged a portion of the trust funds as security for a personal loan. Gentry, therefore, should be found guilty of violating The Florida Bar's Integration Rule, art. XI, Rule 11.02(4).

COUNT TWO
Gentry appeared at a deposition without bringing the records and documents requested by the subpoena duces tecum and gave false answers to questions about the savings and loan association where he had a personal savings account. Gentry, therefore, should be found guilty of violating The Florida Bar Code of Professional Responsibility Disciplinary Rule 1-102(A)(4), (5), and (6).

COUNT THREE
Gentry drafted a rental agreement between himself and his landlord, a Dr. Yost, and thereafter denied its validity. Gentry should, therefore, be found in violation of Disciplinary Rule 1-102(A)(4), (5), and (6) even though it has not been proven that he believed at the time he drafted the contract that it was unenforceable.

COUNT FOUR
Gentry admitted that he instructed his secretary to prepare a check to be drawn on his trust account in payment of a personal obligation. Gentry, therefore, should be found guilty of violating Florida Bar Integration Rule, Art. XI, rule 11.02(4), and Disciplinary Rule 9-102. The referee recommended that Gentry be suspended for a period of six months.
After examining the record and referee's report we approve the referee's findings and conclusions in counts one and two. We must reject as unfounded, however, the referee's finding of guilt in count three. In regard to count four, while we cannot accept the referee's factual findings in full, there exists sufficient evidence in the record to support the referee's conclusion of guilt.
Respondent argues that res judicata bars a finding of guilt on count one because the transaction in question had already been the subject of a previous disciplinary proceeding in which respondent was found guilty of misconduct and given a private reprimand. It is true that the earlier disciplinary proceeding and the allegations in count one both involve the withholding of trust funds and the transfer of those funds to a personal account. Count one of the complaint, however, is based on separate, additional, and continuing misconduct on the part of respondent. After Gentry had received notice that the monies in his personal savings account were escrowed funds to be held for the benefit of his client, Gentry pledged those funds as collateral for a personal loan. Clearly, the subject matter of the prior disciplinary hearing and the allegations in count one of the complaint do not possess an "identity of facts" required for the application of the res judicata doctrine. See Gordon v. Gordon, 59 So.2d 40 (Fla.), cert. denied, 344 U.S. 878, 73 S.Ct. 165, 97 L.Ed. 680 (1952).
With regard to count three, we accept the referee's findings of misconduct. While the evidence is insufficient to support a finding of violation of Disciplinary Rule 1-102(A)(4) and (5), it does reflect a violation of Disciplinary Rule 1-102(A)(6). Gentry prepared a contract and then claimed that it was unenforceable because his wife had not joined him in its execution. Little confidence of the bar can be expected *1344 if a lawyer seeks to escape from a personal contract because of errors created by that lawyer in its preparation or execution.
Regarding count four, the record indicates that, contrary to the referee's conclusion, Gentry did not admit that he knowingly instructed his secretary to draw a check on trust funds in payment of a personal obligation. The record does reveal, however, that Gentry learned that a trust account check had been issued and that he took no action to correct the matter until several days later when the check had been dishonored. Thus, there exists sufficient evidence to support the referee's finding of trust account misconduct.
We therefore conclude that, as recommended by the referee, Richard E. Gentry shall stand suspended as a member of The Florida Bar for a period of six months, commencing thirty days from the filing of this opinion. During this time he shall not engage in the practice of law in any manner. He is also directed to pay costs in the sum of $2,460.50 within thirty days of the filing of this opinion.
It is so ordered.
OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
BOYD, Acting C.J., concurs in part and dissents in part with an opinion.
BOYD, Acting Chief Justice, concurring in part and dissenting in part.
In several important particulars, the factual findings in the referee's report are not supported by competent, substantial evidence. The Bar failed to present evidence to prove the most serious of the allegations of its complaint. There was proof of several instances of professional misconduct and for these respondent should be disciplined. But the proven misconduct is not serious enough to warrant a six-month suspension. In view of the degree of rehabilitation already shown, I would impose upon respondent a public reprimand, place him on supervised probation for two years, and require that he pay the costs of these proceedings.
Regarding count one, the referee found that respondent had refused to return $8,000 of "escrow money" to a client when demanded, that he placed the money in a personal account, and that he pledged a portion of it as security for a personal loan. The referee concluded that respondent thereby violated article XI, Rule 11.02(4) of the Integration Rule. Respondent contends that the finding of guilt on count one is erroneous because the transaction in question has already been the subject of a previous disciplinary proceeding in which respondent was found guilty of minor misconduct and given a private reprimand. He argues that the outcome of the prior proceeding is res judicata on the question of misconduct and discipline. The Bar concedes that count one duplicates the earlier proceeding insofar as it alleges withholding of trust funds and transfer of trust funds to a personal account, but takes the position that the new charges pertain to the additional misconduct of pledging the account for a personal loan and the continuing misconduct of failing to replace the funds to a designated trust account.
In its effort to prove the allegations of count one, the Bar relied on documents from the previous disciplinary proceeding against respondent. During the previous proceeding, branch staff counsel notified respondent of the grievance committee's finding of minor misconduct and recommendation of a private reprimand. The letter said that the finding was predicated on respondent's depositing funds held in trust in a personal savings account and his refusal "to turn over on demand those portions of the trust funds ... that were not disputed fees." In the present proceeding, this letter was allowed to stand as substantive evidence of misconduct, and the Bar presented no other evidence about respondent's relationship with the client, nor *1345 about the means or process by which respondent came into possession of the $8,000 alleged to have been beneficially owned by the client. Indeed, when respondent attempted to testify concerning these matters, he was not allowed to, on the ground that the background information was already established and adjudicated by the previous proceeding. The documents relied on by the Bar also show that as a condition of the private reprimand and minor misconduct finding, respondent was told to return $2,100 to the client.
Thus the Bar's argument that count one is based on separate, additional, and continuing misconduct is grounded in the theory that the previous proceeding not only disciplined respondent for misconduct, but also put him on notice that the funds in the personal savings account were to be regarded as trust funds. Respondent testified that prior to the previous disciplinary proceeding, he had held $8,000 in an escrow account. For reasons which respondent was not allowed to testify about, he regarded the money as his. After notifying The Florida Bar and the client, respondent removed the $8,000 from the escrow account and placed it in a personal savings account. The client complained, thus bringing about the previous grievance committee proceeding referred to above. Respondent testified that he understood the letter from branch staff counsel to say that the committee had found that $2,100 of the money was held in trust for the client and therefore had to be returned on his demand. Respondent believed that the remainder of the money, after returning $2,100 to the client, was to be left to the arena of civil litigation for determination of rightful ownership and was therefore respondent's unless and until a civil court should declare otherwise.
Contrary to the findings of the majority opinion, the record shows that respondent's pledge of the savings account as security for a personal loan took place before the commencement of the previous disciplinary proceeding. Thus this was not subsequent misconduct and was not separate from the misconduct found in the previous disciplinary proceeding. It took place before respondent was put on notice of the Bar's findings. Therefore the Bar's argument on the pledging must fail.
Bar counsel took the position below that the reprimand and explanatory letter put respondent on notice that the Bar regarded all of the money as held in trust, so that the subsequent failure to replace the money to a designated trust account was additional misconduct separate from the misconduct already disciplined. However, the letter failed to make this clear. That the committee regarded the entire amount as held in trust is certainly a reasonable conclusion to draw from the letter, but it is not the only possible reasonable interpretation. According to article XI, Rule 11.02(4), money held in trust must be returned to the beneficial owner on demand or else the attorney is guilty of a conversion. Because the committee only required respondent to pay $2,100 in response to the client's demand, respondent could have concluded that the committee did not regard the remainder of the money as held in trust. I therefore believe that the findings of trust account misconduct under count one, separate and apart from the misconduct that was the subject of the previous proceedings, are not supported by competent, substantial evidence. I would therefore reject the findings and recommendations of the referee on count one.
On count two, I would approve the referee's findings of guilt in part and reject them in part, and I therefore concur in part and dissent in part to the Court's approval in full of the findings on count two. My review of the record reveals that respondent was guilty of conduct prejudicial to the administration of justice and conduct adversely reflecting on fitness to practice law. Based on the whole record, however, I do not believe that clear and convincing evidence was presented to the referee *1346 showing that respondent engaged in dishonesty, deceit, fraud, or misrepresentation. Although the referee found that there was this latter kind of misconduct, he made no explicit finding on the issue of guilty knowledge, which should be a requirement for such a legal conclusion.
Regarding count three, I dissent from the Court's approval of the referee's finding of misconduct. The referee found that respondent drafted a real estate lease agreement, that he "later informed Dr. Yost that the contract was an unenforceable lease," and that Dr. Yost and his lawyer "felt and treated the real estate contract as a valid contract." Based on these findings the referee recommended that respondent be found guilty of violating Disciplinary Rule 1-102(A)(4) (dishonesty, etc.) and 1-102(A)(6) (conduct adversely reflecting on fitness to practice law), but added: "however, it was not proven to this referee that the Respondent believed at the time he drafted the contract that it was unenforceable." Respondent correctly argues that it was erroneous for the referee to recommend a finding of guilt on count three while finding no proof of belief on respondent's part that the contract was unenforceable when he drafted it.
The complaint in count three alleged that Dr. Yost asked respondent to draft a document reflecting their agreement and that at the time he drafted it, "respondent believed the contract to be an unenforceable lease." There was no attorney-client relationship alleged or proved, and no evidence that Dr. Yost was relying on or placing his trust in respondent. Indeed, the evidence showed that Dr. Yost had his own lawyer who reviewed the agreement drafted by respondent and advised Dr. Yost that it was adequate. Thus the agreement was clearly the product of an arms-length transaction. The Bar failed to introduce the document into evidence, but the testimony showed that it was a lease of a house with an option to purchase. The referee found that some time after drafting it, respondent stated to Dr. Yost that it was an unenforceable lease. All the testimony about the agreement, however, pertained to its purchase and sale provisions rather than its lease provisions.
Since there was no evidence about whether the agreement was enforceable or not, the gravamen of the complaint seems to be that respondent intended to perpetrate a fraud on Dr. Yost by attempting to draft an unenforceable lease, even though the lease may have in fact been enforceable. Thus proof of the mental element of fraudulent intent is essential to a finding of the misconduct charged. The referee specifically found evidence of the mental element to be lacking, but found the misconduct anyway. This was clearly erroneous. The evidence does not sustain the findings of guilt on count three. The findings should therefore be rejected.
Regarding count four, the referee found that a check written and issued on respondent's behalf for a personal obligation was written on his trust account, that it was dishonored as "drawn against uncollected funds," that respondent wrote a valid check on his own account discharging the obligation twelve days later, and that when the trust account check was written, neither account contained sufficient funds to cover the check. The referee recommended that respondent be found guilty of violating article XI, Rule 11.02(4) of the Integration Rule and Disciplinary Rule 9-102.
The referee found that respondent admitted having instructed his secretary to issue a check drawn on his trust account. As the majority opinion correctly concedes, this finding was clearly erroneous. Not only did respondent not admit this, but there was neither an allegation nor any proof that respondent directed that a trust account check be issued. The evidence showed that respondent instructed his office to issue a check for $1,800 to Dr. Yost's attorney in payment for three months' rent. The secretary who signed *1347 and delivered the check testified that she told respondent on the following day that it was a trust account check. Respondent testified that he learned this later. Respondent contends that the referee's finding of wrongdoing is erroneous because the evidence failed to prove the alleged misconduct of knowingly using trust funds to pay a personal debt.
The evidence showed that after the check was dishonored respondent redeemed it a few days later with another check drawn on his personal funds. The referee concluded that respondent should be found guilty of trust account misconduct but made no explicit finding on the issue of respondent's intent, knowledge, or motive. At the hearing below Bar counsel diverged widely from the allegations of the complaint and argued that the evidence showed a very different kind of misconduct based entirely on inference: that respondent knowingly used the worthless trust account check to temporarily placate his creditor.
Although the evidence on count four showed extremely poor law office management and control procedures, it did not establish that respondent intentionally used funds held in trust for his personal benefit. However, there was evidence that respondent learned on the following day that a trust account check had been issued and that he took no action to correct the matter until several days later when the check was dishonored. I therefore concur in the approval of the finding that there was trust account misconduct. I find, however, insufficient evidence of corrupt motive or fraudulent intent, and therefore cannot concur in the Court's approval in full of the referee's findings on count four.
Respondent contends that the referee's recommended discipline of six months suspension is too harsh under the circumstances. Respondent presented evidence that he has taken steps to reform himself thus remedying the alcoholic condition which he says was the root cause of most of his problems. Since the Bar sought a suspension requiring proof of rehabilitation for reinstatement, it is appropriate to consider respondent's initial steps toward rehabilitation in deciding upon an appropriate discipline.
I have found the evidence insufficient to support the findings of the alleged misconduct on counts one and three. As to count two, I have found the charge of dishonesty or deceit to be unsupported by evidence, while approving the findings of conduct prejudicial to the administration of justice and conduct reflecting adversely on fitness to practice law. On count four I have found trust account misconduct based on poor law office management and control procedures and failure of diligent supervision, but without corrupt motive. The evidence showed that respondent conducted his professional and financial affairs in a highly disorganized manner. By his own admission it has been shown that respondent has endangered the interests of clients and the public image of the legal profession through poor law office management and obnoxious personal behavior due to alcoholism.
Having found the referee's most serious recommended findings of misconduct unsubstantiated by evidence, and having considered respondent's first steps toward reform, I conclude that the recommended suspension is not appropriate. Based on the supported findings of misconduct and the demonstrated need for supervision, I conclude that the appropriate discipline is a public reprimand and two years of supervised probation.
NOTES
[*] This is Richard Ellis Gentry of St. Augustine, not to be confused with Richard Earl Gentry of Tallahassee.