PER CURIAM.
The plaintiff, Monika Lent, appeals from the dismissal of her complaint with prejudice. We affirm.
Monika Lent hired Thomas Baur, a lawyer licensed to practice in the State of Florida and in Germany, to represent her in connection with the division of her husband’s estate in Germany. Baur and Lent travelled to Germany wherein they conducted certain negotiations with the husband’s heirs in the presence of a German Notary Public/Lawyer, Dietrich Kermer. In his capacity as a German Notary Public, Kermer led the negotiations concerning the division of the estate and gave unbiased advice to all parties. As a result of these negotiations, a settlement agreement was reached and executed by Lent and the husband’s heirs.
Subsequently, Lent brought a legal malpractice action against Baur and his firm, Baur, Miller & Webner, P.A., alleging that Baur had failed to advise her that under German law she was entitled to collect an “automatic one-sixth” share of her husband’s estate. Baur filed an answer denying the allegations and asserting several affirmative defenses. Specifically, Baur asserted that he and Kermer had fully advised Lent of her rights under .German law and that she had entered into the settlement agreement knowing that she was waiving her one-sixth share.
Baur sought to depose Kermer claiming that he was a crucial witness because he had advised Lent concerning her one-sixth share and had heard Baur do the same. Because of the confidential relationship that exists between a German Notary Public and the clients he has advised, Kermer required Lent’s formal consent before being deposed. Lent, however, would not consent to Kermer providing any testimony and objected to Kermer cooperating with Baur in any way.
Baur moved to compel Lent’s consent to the taking of Kermer’s deposition. The trial court found that without Kermer’s testimony, the defendants would be prevented from effectively defending themselves. On November 12,1996, the trial court entered an order granting the motion to compel and instructing Lent to “execute a consent which waives any attorney/elient privilege” between herself and Kermer. Further, the court limited the inquiry to “any and all matters that occurred during the negotiations between Monika Lent and Dietrich Kermer at such time as Dietrich Kermer, Monika Lent and Thomas Baur were present together during said negotiations in Eutin, Germany.”’
On November 14, 1996, two days after the entry of the order compelling Lent’s consent to the taking of Kermer’s deposition, Lent’s counsel, Warren Trazenfeld, wrote a letter to Kermer wherein he informed Kermer that Lent objected to Kermer providing any deposition testimony and that she would view such conduct as a violation of German law. •Trazenfeld stated that although Baur’s attorney had obtained a court order in the United States forcing Lent to consent to the taking of Kermer’s deposition, the acts of a United States judge have no effect on Kermer’s obligations under German law. Trazenfeld further notified Kermer that any “consent” provided by Lent would not be voluntary and that if Kermer provided testimony, Lent would pursue all relief available against him under German law. Trazenfeld concluded the letter with the following warning: “I strongly suggest that you consider the ramifications of violating German law before voluntarily providing testimony in a United States proceeding against the desires of Mrs. Lent.” Trazenfeld did not send a copy of this letter to Baur’s counsel or to the court, nor did he send a copy of the November 12th order to Kermer.
In response, Kermer sent Trazenfeld a letter stating that he would not discuss the matter with him unless he had a power of attorney executed by Lent. Trazenfeld prepared the power of attorney, Lent executed it, and Trazenfeld sent it to Kermer. In response, Kermer informed Trazenfeld that because “this power of attorney does not release me from my duty to observe confidentiality, deposition testimony ... is out of the question.”
Meanwhile, unaware of any of the foregoing correspondence, Baur prepared and forwarded a consent and waiver for Lent to execute. On November 20, 1996, Lent returned the executed consent form with sever *158 al deletions that were initialed by Lent. Lent had crossed out any language that waived any privilege under German law because it would “act as a release of certain causes of action Mrs. Lent has under German law.”
On December 11, 1996, after Baur learned that Trazenfeld had sent Kermer the November 14th letter, Baur filed a motion for sanctions, pursuant to Rule 1.380, Florida Rules of Civil Procedure, seeking dismissal of Lent’s complaint with prejudice. On January 8, 1997, at the hearing on the motion, after receiving evidence and hearing the arguments of counsel, the trial court reserved ruling. On January 17, 1997, a transcript of Lent’s deposition testimony was filed with the court wherein she stated that she had knowledge of and consented to all of her attorney’s actions. On January 24,1997, the trial court entered an Order of Dismissal with Prejudice containing the following relevant findings of fact:
8. That unbeknownst to counsel for Defendant and in direct circumvention of this Court’s Order of November 12, 1996, the Plaintiff, by and through her counsel, Warren Trazenfeld, sent the ... letter of November 14, 1996, to Dietrich Kermer in Germany.
9. That the content of said letter is self-explanatory and represents an attempt to intimidate a witness through threats of litigation against him should he cooperate in the taking of his deposition as ordered by the undersigned.
10. That the November 14th letter came to the attention of counsel for defendant because it was provided by Dietrich Kermer, as no copies had been provided by Plaintiff or her counsel to Defendants or the Court.
‡
13. That the undersigned after repeated review of the offensive letter of November 14th finds that the witness has been rendered useless to the Defendants because of the threats directed to him and that no subsequent assurances from Plaintiff and her counsel could restore a comfort level to the witness that would permit him to be perfectly candid in his testimony.
14. That in addition to that fact that a critical witness is no longer available to the defendants, the behavior exhibited by Plaintiff and her counsel does warrant the imposition of the most severe sanction.
In the Order of Dismissal with Prejudice, the court concluded that “the actions of the Plaintiff and counsel give rise to the level requiring imposition of the most severe sanction especially in light of the fact that no lesser sanction could return the Defendants to a level playing field.”
Lent appeals from the Order of Dismissal with Prejudice contending that the trial court abused its discretion .by unnecessarily imposing the harsh ultimate sanction of striking the complaint. We wholeheartedly disagree.
In Mercer v. Raine, 443 So.2d 944 (Fla.1983), the Florida Supreme Court held:
the striking of pleadings or entering a default for noncompliance with an order compelling discovery is the most severe of all sanctions which should be employed only in extreme circumstances. A deliberate and contumacious disregard of the court’s authority will justify application of this severest of sanctions, as will bad faith, willful disregard or gross indifference to an order of the court, or conduct which evinces deliberate callousness.
Mercer, 443 So.2d at 946 (citations omitted).
In the instant case, a review of the record makes it evident that this is an extreme circumstance. Not only did Monika Lent and her counsel, Warren Trazenfeld, willfully disregard the trial court’s order, but they also acted in bad faith in an attempt to assure noncomplianee with the court’s order by intimidating a key defense witness. We conclude that the trial court acted properly and wholly within its discretion when it dismissed Lent’s complaint with prejudice as a sanction for her and her counsel’s willful and contumacious disregard of the court’s order.
Affirmed.