833 So.2d 734 (2002)
THE FLORIDA BAR, Complainant,
v.
Warren R. TRAZENFELD, Respondent.
No. SC00-2571.
Supreme Court of Florida.
November 14, 2002.
*735 John F. Harkness, Jr., Executive Director, and John Anthony Boggs, Staff Counsel, Tallahassee, FL; and Randolph Max Brombacher, Bar Counsel, Miami, FL, for Complainant.
Robert M. Klein and Marlene S. Reiss of Stephens, Lynn, Klein, Lacava, Hoffman & Puya, Miami, FL; and Patricia S. Etkin of Weiss and Etkin, Plantation, FL, for Respondent.
PER CURIAM.
We have for review a referee's report and order dismissing the Florida Bar's complaint against Warren R. Trazenfeld. We have jurisdiction. See art. V, § 15, Fla. Const. For the reasons that follow, we disapprove the referee's order and remand this case to the referee for further proceedings consistent with this opinion.

FACTS
On December 13, 2000, the Bar filed a complaint against Trazenfeld alleging that he violated Rules Regulating the Florida Bar 4-1.4(b) (a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation) and 4-8.4(d) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice) in the context of Trazenfeld's representation of Monika Lent.[1] Trazenfeld responded by filing a "motion for summary resolution" arguing that the Bar, having issued a no probable cause finding in a 1998 case addressing the Lent litigation, is now precluded by the res judicata doctrine from pursuing further disciplinary actions against him in a case involving the same underlying facts. The Bar filed a response, arguing that the res judicata doctrine does not apply to grievance *736 committee proceedings because the grievance committee is without authority to adjudicate Trazenfeld guilty of rule violations or issue a final judgment. This Court appointed a referee who held a hearing on Trazenfeld's motion. The referee entered an order wherein she made the following findings of fact.[2]
In 1998, under Florida Bar number 98-71,747(11f), a Florida Bar grievance committee conducted an investigation into Trazenfeld's conduct during the Lent litigation. That investigation addressed allegations that Trazenfeld violated Rules Regulating the Florida Bar 4-3.4 (fairness to opposing party and counsel), 4-4.4 (respect for rights of third persons), and 4-8.4 (a lawyer shall not engage in conduct that is prejudicial to the administration of justice). On or about July 9, 1999, the grievance committee issued a "notice of no probable cause and letter of advice" to Trazenfeld advising him that it had found no probable cause in the case against him and that the complaint was dismissed.
Based on the foregoing facts and consideration of the parties' oral arguments and briefs, the referee entered an order granting Trazenfeld's motion for summary resolution and dismissing the Bar's complaint. In reaching her conclusion, the referee noted that rule 3-7.4(j)(3) states that "a finding of no probable cause by a grievance committee shall not preclude the reopening of the case and further proceedings therein." See R. Regulating Fla. Bar 3-7.4(j)(3). However, the referee found that there is no case law specifically addressing the issue of whether the res judicata doctrine applies in Bar grievance committee proceedings. The referee relied on this Court's decision in Florida Bar v. Gentry, 447 So.2d 1342 (Fla.1984), to reach her conclusion that Bar grievance committee findings are in fact subject to the res judicata doctrine when the subsequent proceedings are based on the same underlying facts. The referee also found that there was nothing in this case which indicated that the Bar did not have a full and fair opportunity to both investigate and litigate all possible disciplinary matters involved in the Lent litigation in 1998. Finally, the Bar did not allege any facts before the 2000 grievance committee which were not known or which could not have been known by the 1998 committee. Thus, the referee found that the res judicata doctrine required dismissal of the entire action and granted Trazenfeld's motion for summary resolution and dismissed the Bar's complaint.
The Bar has petitioned for review of the referee's order granting Trazenfeld's motion.

ANALYSIS
A referee's conclusions of law are not given the same presumption of correctness afforded to a referee's findings of fact. See Florida Bar re Inglis, 471 So.2d 38, 41 (Fla.1985). In the instant case, the Bar argues the referee erred in finding that the res judicata doctrine applies to grievance committee proceedings and in dismissing the Bar's complaint. The Bar claims the res judicata doctrine is not applicable to Bar grievance committee proceedings because grievance committees do not make final determinations of guilt and rule 3-7.4(j)(3) permits the Bar's filing of the instant complaint against Trazenfeld. On the other hand, Trazenfeld argues the referee's order should be approved because the Bar should have sought review *737 of the 1998 grievance committee finding of no probable cause under rule 3-7.5. Trazenfeld argues that the Bar should not be allowed to disregard its own rules and then rely on inaction to bring further proceedings based on the same set of facts.
Rule 3-7.4 discusses grievance committees, which can be described as investigatory panels that conduct proceedings, which may be informal, wherein the panels make recommendations on the alleged misconduct in the Bar's complaints. See R. Regulating Fla. Bar 3-7.4. One of the recommendations the grievance committee can make is a finding of no probable cause. Rule Regulating Florida Bar 3-7.4(j) states in pertinent part:
(j) Finding of No Probable Cause.
(1) Authority of Grievance Committee. A grievance committee may terminate an investigation by finding that no probable cause exists to believe that the respondent has violated these rules. The committee may issue a letter of advice to the respondent in connection with the finding of no probable cause.
. . . .
(3) Effect of No Probable Cause Finding. A finding of no probable cause by a grievance committee shall not preclude the reopening of another case and further proceedings therein.
Although we may agree with the referee's conclusion that there is no determinative case which expressly and specifically addresses the issue of whether the res judicata doctrine applies in Bar grievance committee proceedings, this Court has previously commented sufficiently on the nature of grievance committee proceedings to provide insight for the present issue. In Florida Bar v. Swickle, 589 So.2d 901, 904 (Fla.1991), the respondent alleged that numerous due process errors had occurred during the grievance committee proceedings. In rejecting the respondent's due process claims, this Court stated that grievance committee proceedings are principally investigatory and are comparable to proceedings before a grand jury because the proceedings are nonadversarial. See id.
Likewise, in Florida Bar v. Wagner, 175 So.2d 33, 34 (Fla.1965), this Court held that the respondent was not entitled to a bill of particulars at the grievance committee stage because the only function of a grievance committee was to determine whether there was sufficient evidence to recommend to the Board of Governors of the Bar a finding that probable cause for discipline existed. This Court further noted that a grievance committee does not render the determining judgment that probable cause exists; it merely recommends its findings to the Board. See id. at 34-35.
In the instant case, the referee relied on this Court's decision in Florida Bar v. Gentry, 447 So.2d 1342 (Fla.1984), to support the conclusion that the res judicata doctrine is applicable to grievance committee proceedings. We conclude that the referee's reliance on Gentry was misplaced. In Gentry, the respondent argued that the res judicata doctrine barred a finding of guilt on count one charged in the complaint because the transaction in question had already been the subject of a previous disciplinary proceeding in which the respondent was found guilty of misconduct and given a private reprimand. See Gentry, 447 So.2d at 1343. This Court did a brief res judicata analysis and found that the doctrine was not applicable because the two proceedings in question did not possess the requisite identity of facts. See id.
Gentry is clearly distinguishable from the instant case because the issue of the res judicata doctrine being applicable to *738 grievance committee proceedings was never even addressed in that case. Moreover, the facts of Gentry are distinguishable because the previous full disciplinary proceeding against Gentry had resulted in a finding of guilt of misconduct and the imposition of a private reprimand. Therefore, a final determination on the merits was made within the context of a full adversarial proceeding. In the instant case, the 1998 proceedings against Trazenfeld only reached the stage of the grievance committee which issued a no probable cause finding. The Board of Governors did not take any action on these earlier proceedings and there certainly was never any type of adversarial proceeding.
Additionally, despite Trazenfeld's argument that the Bar failed to seek review of the 1998 grievance committee's finding of no probable cause, nothing in the rules requires or even suggests that the Bar must seek review of a grievance committee finding. Rule 3-7.5 details the procedures before the Board of Governors. Specifically, rule 3-7.5(b) states a designated reviewer may review the actions of the grievance committee. See R. Regulating Fla. Bar 3-7.5(b).[3] The word "may" when given its ordinary meaning denotes a permissive term rather than the mandatory connotation of the word "shall." See Harper v. State, 217 So.2d 591, 592 (Fla. 4th DCA 1968). We reject Trazenfeld's argument because the language of rule 3-7.5(b) is permissive rather than mandatory.
Finally, case law from other jurisdictions supports the Bar's argument that the doctrine of res judicata is not applicable to Bar grievance committee proceedings. In State v. Sewell, 487 S.W.2d 716, 717 (Tex. 1972), the members of a local grievance committee sought mandamus to command a district judge to vacate an order that temporarily enjoined the grievance committee from concluding a hearing on matters before the committee which had been previously considered by the committee at two earlier hearings. The Supreme Court of Texas vacated the circuit court's injunction and held that the committee's prior decisions did not rise to the level of a final determination on the merits of the complaints before them. See id. at 718. Therefore, the matters before the grievance committee were not barred by the doctrine of res judicata. See id.; see also State v. Russell, 227 Kan. 897, 610 P.2d 1122, 1130 (1980) (holding that a review committee of the Kansas Board for Discipline of Attorneys had the authority to dismiss a complaint against an attorney with or without prejudice and when dismissal was ordered without specifying the nature of the dismissal the dismissal was without prejudice to the filing of later proceedings on the same matter); Mississippi State Bar v. Young, 509 So.2d 210, 214 (Miss.1987) (proceedings under complaint were not precluded by dismissal of former complaint where there was no final judgment entered on merits of former complaint); State ex rel. Nebraska State Bar Ass'n v. Kirshen, 232 Neb. 445, 441 N.W.2d 161, 177 (1989) (holding res judicata doctrine did not apply to bar proceedings where the committee's dismissal of the first complaint occurred at a preliminary inquiry stage).

CONCLUSION
Based on the foregoing reasons, we conclude that the referee erred in concluding that res judicata applied to bar these proceedings. Accordingly, we disapprove the referee's order granting Trazenfeld's motion *739 for summary resolution and dismissing the Bar's complaint and remand this case to the referee for further proceedings consistent with this opinion.
It is so ordered.
ANSTEAD, C.J., SHAW, WELLS, PARIENTE, LEWIS, and QUINCE, JJ., and HARDING, Senior Justice, concur.
NOTES
[1] The Third District Court of Appeal's decision in Lent v. Baur, Miller & Webner, P.A., 710 So.2d 156 (Fla. 3d DCA 1998), details the facts of Trazenfeld's representation of Lent in 1996 during a legal malpractice action against her former attorney. In that case, the trial court entered an order instructing Lent to execute a consent to allow a potential witness to be deposed. Trazenfeld, without notifying opposing counsel or the trial court, wrote a letter to the witness stating that Lent's consent was not voluntary, and if the witness testified, Lent would pursue all relief available to her against the witness. After becoming aware of Trazenfeld's letter, opposing counsel filed a motion for sanctions seeking dismissal of Lent's complaint with prejudice. After a hearing, at which Lent testified that she knew of and consented to Trazenfeld's actions, the trial court entered an order dismissing Lent's complaint with prejudice. Lent appealed the order arguing that the trial court abused its discretion. The Third District Court of Appeal affirmed the trial court's dismissal order, finding that Lent and Trazenfeld willfully disregarded the trial court's order instructing Lent to execute a consent and also acted in bad faith in attempting to assure noncompliance with the court's order by intimidating a key defense witness. See id. at 158.
[2] The referee incorporated the order granting summary resolution into the referee's report filed in this case.
[3] Rule 3-7.5(a)(1) states the disciplinary review committee shall review those grievance committee matters referred to it by a designated reviewer. See R. Regulating Fla. Bar 3-7.5(a)(1).