# Third District Court of Appeal

## State of Florida

Opinion filed May 1, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1155
Lower Tribunal No. 18-3297
_____

## Comvest IMC Holdings, LLC, et al.,
Appellants,

vs.

## IMC Group, LLC, et al.,
Appellees.

An Appeal from non-final orders from the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

Gunster and Angel A. Cortiñas and Jonathan H. Kaskel; McDermott Will & Emery and Jeffrey E. Stone, William P. Schuman, Michael G. Austin and Kamal Sleiman, for appellants.

Waldman Barnett and Glen H. Waldman, Michael A. Azre and Jeffrey R. Lam; Kula & Associates and Elliot B. Kula, W. Aaron Daniel and William D. Mueller, for appellees.

Before EMAS, C.J., and SALTER and FERNANDEZ, JJ.

SALTER, J.

This appeal presents a recurring, familiar issue in the world of sizeable commercial transactions—dispute resolution after the closing of the transaction as between (1) a non-judicial authority and procedure specified by the disputants in their carefully-drawn legal documents prepared before the dispute arose, and (2) a state or federal court chosen by one of the parties once the dispute has arisen.

In this case, we affirm the circuit court's order accepting the role of gatekeeper and adjudicator in this multi-million dollar dispute between a group of corporate sellers/plaintiffs (the appellees: IMC Group, LLC and Jose M. "Pepe" Garcia; collectively, "IMC Group"), and a group of corporate buyers/defendants (the appellants: Comvest IMC Holdings, LLC; IMC Holdings, LLC; IMC Medical Group Holdings, LLC; Roger Marrero; Marshall Griffin; John Randazzo; and Kevin Blank; collectively, "Comvest Group"). We vacate our previously-issued stay of the circuit court case, permitting the resumption of proceedings in that tribunal.

Our decision is based on the detailed provisions of the purchase agreement entered into by the parties. Although the IMC Group as seller and the Comvest Group as buyer outlined an alternative dispute resolution procedure for a post-closing adjustment to the purchase price that might have been determined by an agreed, neutral accountant, they did not specify that the procedure was mandatory or the exclusive means for resolution.

2

<u>The Transaction and the Dispute</u>

The parties moved the trial court and this Court to protect the confidential business terms of the transactions by sealing the briefs and appendices in this case, and those motions were granted. This opinion will generalize those confidential terms to the extent practicable.

In November 2016, IMC Group agreed to sell to the Comvest Group an 80%, controlling interest in the corporate entities owning Interamerican Medical Center Group, LLC, and its 19 Florida medical centers and affiliated health care entities. The transaction closed on February 1, 2017. The Comvest Group agreed to purchase those controlling interests for a nine-figure cash price computed as a designated multiple of the IMC Group's operating business earnings.

Valuing a business based on a net earnings multiplier is common, and the acronym for one method of computing such earnings—"earnings before interest, tax, depreciation, and amortization" —is "EBITDA."

A limitation in using EBITDA and a multiplier is that the components of EBITDA may not be available in a company's audited, or at least final (if unaudited), financial statements for the company's fiscal year[1] within which the transaction is closed. Here, as in many such transactions, the parties negotiated a "post-closing adjustment" to address this issue. The purchase agreement and

---

[1] The IMC entities prepared their annual statements on the basis of a fiscal year January 1 – December 31, a calendar year basis.

closing occurred on the basis of the 2015 financial statements and the EBITDA derived from them. As of the January 16, 2017, closing of the transaction, the parties also had available to them various interim financials and pro forma EBITDA computations, but not the final year-end 2016 financial statements or EBITDA derived from such statements.

The parties agreed to a variety of pre-closing and post-closing price adjustments in Sections 1.4 and 1.5 of their purchase agreement. In the case of the post-closing adjustment of the purchase price based on a multiple of EBITDA, they agreed to include the EBITDA derived from the audited consolidated 2016 financial statement of the operating companies when finalized. The final 2016 EBITDA adjustment to the purchase price was termed the "EBITDA Contingent Statement" in the purchase agreement, and was to be delivered by the Comvest Group to the IMC Group for its review. In the event of objections by the IMC Group and a disagreement regarding the adjustment or "true-up" in the purchase price, the purchase agreement required the parties to confer in good faith. It also provided a mechanism for non-judicial resolution of the dispute.

The parties did indeed disagree regarding the 2016 EBITDA and resultant post-closing adjustment, culminating ultimately in the circuit court complaint filed by the IMC Group and the Comvest Group's immediate motion to compel compliance with the non-judicial dispute procedure. This appeal followed.

<u>Jurisdiction</u>

We have jurisdiction to review non-final orders determining "the entitlement of a party to arbitration." Fla. R. App. P. 9.130(a)(3)(C)(iv). The IMC Group maintains that the non-judicial dispute resolution methodology laid out in the parties' written agreements is not an "arbitration." The motions panel assigned to the case before oral argument carried the IMC Group's motion to dismiss for lack of jurisdiction with the case.

The Comvest Group contends that the designation of a neutral accountant and procedure specified in the purchase agreement fits within the definition of "arbitration" in section 44.1011(1), Florida Statutes (2018): "a process whereby a neutral third person or panel, called an arbitrator or arbitration panel, considers the facts and arguments presented by the parties and renders a decision which may be binding or nonbinding as provided in this chapter."

This trial court's resolution of this threshold dispute did, however, determine that the Comvest Group is not entitled to the arbitration of the issues sought to be adjudicated by the trial court by the IMC Group in its "motion to advance" its claim for declaratory judgment. The IMC Group declaratory judgment claim includes requests that the trial court determine: whether the accounting methodology employed by the Comvest Group in the 2016 audit is in compliance with the purchase agreement and corporate governance duties; whether the

Comvest Group provided access to the necessary documents specified by the purchase agreement, sufficient to permit the IMC Group to formulate all of its objections to the EBITDA Contingent Statement; and whether certain escrow funds subject to the purchase agreement and other documents were handled in conformance with the purchase agreement.

It follows that the trial court's order (a) denying the Comvest Group's motion to compel compliance with the purchase agreement's non-judicial arbitration or alternative dispute resolution procedure (which Comvest Group contends is "arbitration" as defined in section 44.1011(1)), and (b) accepting jurisdiction to proceed with the declaratory issues raised by the IMC Group, is a non-final order determining the entitlement of the Comvest Group to "arbitration," and that we have jurisdiction to consider the non-final order under Rule 9.130(a)(3)(C)(iv).

Standard of Review

We review the denial of a motion to compel arbitration de novo. 13 Parcels LLC v. Laquer, 104 So. 3d 377, 379 (Fla. 3d DCA 2012). In doing so, however, this Court is "mindful that arbitration provisions are favored by the courts and that all doubts should be resolved in favor of arbitration." CT Miami, LLC v. Samsung Elecs. Latinoamerica Miami, Inc., 201 So. 3d 85, 90 (Fla. 3d DCA 2015).

Analysis

The Comvest Group's arguments for a non-judicial process to produce a binding, nonappealable "Final EBITDA Report" are defeated by several small, but clear and important, words in the text of Section 1.5 of the purchase agreement.

First, Section 1.5(b) states that, following the Comvest Group's delivery of the EBITDA Contingent Statement, the IMC Group's formulation of objections, and the parties' "attempt in good faith to resolve their dispute," the parties "**may**" retain the Accountant (a term defined in Section 1.4) to resolve any remaining disputes. (Emphasis provided). The use of the term "may" rather than "shall" in this provision, following the identification of both the IMC Group as seller and the Comvest Group as buyer, means that mutual assent to the retention of the Accountant is required for the retention. See The Florida Bar v. Trazenfeld, 833 So. 2d 734, 738 (Fla. 2002).

Second, this reading of the text is reinforced by the conditional nature of the process for a "final, binding, nonappealable, and conclusive" "Final EBITDA Report" in Section 1.5(c) of the purchase agreement. The Section begins, "(c) Accountant Retained. **If** the Accountant is retained, then. . . ." (Emphasis provided). The use of the terms "may" and "if" betray the elective, not mandatory, nature of the non-judicial procedure, and the IMC Group has flatly rejected that option. There is no subsection following Section 1.5(c) captioned, "If Accountant Not Retained," but that possibility, a judicial resolution of the disputes, is spelled

out clearly in Section 14.24 of the purchase agreement, the waiver of jury trial provision. That provision specifies in upper case letters that "THE PARTIES WISH APPLICABLE STATE AND FEDERAL LAWS TO APPLY (RATHER THAN ARBITRATION RULES)," and that "THE PARTIES DESIRE THAT THEIR DISPUTES BE RESOLVED BY A JUDGE APPLYING SUCH APPLICABLE LAWS."

Third and finally, buried in the 25th line of the single-spaced provision applicable "if" the Accountant is retained, Section 1.5(c) specifies that, "In resolving any Contested Amount(s), the Accountant . . . shall act as an expert and not as an arbitrator. . . ." This clause, applied to a conditional dispute resolution procedure that was rejected by one of the parties, explicitly takes the Accountant out of the definition of "arbitration" and the process whereby "a neutral third person. . . called an arbitrator" renders a decision, as provided in section 44.1011(1).

Simply stated, the Accountant could have been, but was not, retained by mutual agreement of the parties to provide a non-judicial resolution of the post-closing purchase price dispute. And if retained, the Accountant would have served as an expert rather than an arbitrator.

Conclusion

Applying the Florida Supreme Court's tests for arbitrability and guidelines for the appropriate roles of arbitrator and court, Seifert v. U.S. Home Corp., 750 So. 2d 633 (Fla. 1999), there is not a binding, unconditional agreement to arbitrate; there is no issue explicitly subject to arbitration; and waiver of a party's right to arbitration is not a consideration in the present case because the right never arose.

Though the subject matter of the parties' primary dispute—an accounting issue of considerable complexity—is well suited for resolution by an accounting expert, the trial court correctly applied the contract provisions requiring mutual consent to such a non-judicial procedure by the parties after the dispute arose, and characterizing the "Accountant" as an expert, if retained, rather than an arbitrator.

The non-final order denying the Comvest Group's motion to compel and granting the IMC Group's motion to proceed with its declaratory judgment and breach claims is affirmed. We vacate the stay pending review entered prior to the conclusion of briefing and oral argument, permitting the case to resume proceedings in the circuit court.