DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**B.A.,** the mother,
Appellant,

v.

**DEPARTMENT OF CHILDREN AND FAMILIES** and **GUARDIAN AD LITEM,**
Appellees.

No. 4D20-1335

[October 14, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Gregory M. Keyser, Judge; L.T. Case No. 50-2018-DP-000029-XXXX-MB.

Antony P. Ryan, Director, and Paul O'Neil, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, West Palm Beach, for appellant.

Andrew Feigenbaum of Children's Legal Services, West Palm Beach, for appellee Department of Children and Families.

Thomasina F. Moore, Statewide Director of Appeals, and Samantha Costas Valley, Senior Attorney, Appellate Division, Florida Statewide Guardian ad Litem Office, Tallahassee, for appellee Guardian ad Litem.

FORST, J.

B.A. ("the Mother") appeals from the trial court's order terminating her parental rights as to her three-year-old daughter—A.A. ("the Child"). Because we find that the trial court's final order terminating the Mother's parental rights was untimely issued, in violation of section 39.811(5), Florida Statutes (2019), we must reverse and remand for a new hearing and need not address the merits of the trial court's decision.

## Background

A.A. was born on August 31, 2016. When the Child was approximately five months old, the Mother would regularly bring the Child to L.D.—a

caregiver who ran a childcare service. The Mother routinely left the Child with L.D. for extensive periods of time beyond those provided for in the childcare agreement. This persisted until November 2017 when a man brought the Child to L.D.'s childcare center and asked if L.D. could take care of the Child. The man indicated that the Child had been left with him and that he was unable to provide adequate care. L.D. took the Child into her home and attempted to contact the Mother several times over the following months. Her attempts were unsuccessful, and the Mother never reached out to L.D. Subsequently, L.D. contacted the Department of Children and Families ("the Department"), and the Department initiated dependency proceedings. It also conducted a diligent search for the Mother but was unable to locate her or serve her with a case plan. The Mother's absence continued for more than a year, such that L.D. had cared for the Child since November 2017 and expressed a willingness to adopt her.

The Mother was not located until she was arrested on March 6, 2019. On March 27, 2019, the Mother appeared before the trial court for the first time with respect to A.A.'s dependency case and was appointed counsel. In December 2019, at the conclusion of the bench trial on the Department's petition for the termination of the Mother's parental rights, the trial court issued an oral ruling granting the petition. However, the trial court did not issue a written order of disposition until May 27, 2020.

## Analysis

During the 2019 legislative session, the legislature added paragraph (5) to section 39.811, Florida Statutes. This new paragraph states:

> If the court terminates parental rights, the court *shall* enter a *written order* of disposition *within 30 days after conclusion of the hearing* briefly stating the facts upon which its decision to terminate the parental rights is made.

§ 39.811(5), Fla. Stat. (2019) (emphasis added).

This statutory provision became effective on October 1, 2019—prior to the completion of the termination of parental rights ("TPR") bench trial. *See* Ch. 2019-128, § 12, Laws of Fla. (2019). Accordingly, section 39.811(5) established a mandatory timeline for the issuance of a written order. *See Shands Teaching Hosp. & Clinics, Inc. v. Sidky*, 936 So. 2d 715, 721 (Fla. 4th DCA 2006) ("The word 'may' when given its ordinary meaning denotes a permissive term rather than the mandatory connotation of the word 'shall.'" (quoting *Fla. Bar v. Trazenfeld*, 833 So. 2d 734, 738 (Fla.

2002))); Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 112 (2012) (the "Mandatory/Permissive Canon" provides that "*shall* is mandatory and *may* is permissive").

Here, it is undisputed that the trial court did not issue its written order of disposition within the legislatively mandated time frame. Nonetheless, the Department argues that a new hearing is unnecessary. In support of this contention, the Department relies primarily on this court's decision in *K.G. v. Department of Children & Families*, 279 So. 3d 1228 (Fla. 4th DCA 2019). In *K.G.*, the trial court delayed ten months in issuing the final order after the conclusion of the TPR trial. *Id.* at 1230. This court applied a two-step test to determine whether a new hearing was warranted. *Id.* We held that the ten-month delay was unreasonable, but we declined to remand for a new hearing because the parents failed to make a showing that "something [was] seriously amiss on the merits." *Id.* (quoting *Ascontec Consulting, Inc. v. Young*, 714 So. 2d 585, 587 (Fla. 3d DCA 1998)).

While factually similar, *K.G.* was decided prior to the effective date of section 39.811(5). In fact, the panel in *K.G.* (issued in late September 2019) noted that, effective October 1, 2019, "the legislature has weighed in on an appropriate time within which to issue an order of disposition in a TPR case." *Id.* This new provision was in effect and applicable to the instant case. Consequently, the trial court erred by failing to adhere to the timeliness requirement contained therein. Because the statutory language is binding, we are compelled to reverse and remand for a new hearing and a "written order of disposition [rendered] within thirty days after conclusion of the hearing." § 39.811(5), Fla. Stat.

## Conclusion

While we are obliged to reverse, we acknowledge the detrimental effect that continued delay has on the Child. Achieving permanency and stability for the Child is a primary concern of the courts. *See B.Y. v. Dep't of Children & Families*, 887 So. 2d 1253, 1256 (Fla. 2004); *A.M. v. Dep't of Children & Families*, 223 So. 3d 312, 316 (Fla. 4th DCA 2017). On remand, the trial court is to promptly hold a hearing and, in a timely issued written order, determine whether termination of the Mother's parental rights continues to be the appropriate disposition in this case. We take no position on the merits with respect to the trial court's oral and written disposition previously entered.

*Reversed and remanded with instructions.*

CIKLIN and KUNTZ, JJ., concur.

3

*      *      *

*Not final until disposition of timely filed motion for rehearing.*