714 So.2d 585 (1998)
ASCONTEC CONSULTING, INC., and Fred Sahapoglu, Appellants,
v.
Dan E. YOUNG and Young Investments, Inc., Appellees.
No. 95-2714.
District Court of Appeal of Florida, Third District.
July 8, 1998.
*586 Guy Bennett Rubin, Stuart, for appellants.
Herzfeld & Rubin and Jeffrey M. Bell, Miami, for appellees.
Before SCHWARTZ, C.J., and COPE and LEVY, JJ.
COPE, Judge.
Ascontec Consulting, Inc. and Fred Sahapoglu appeal a final judgment entered after a partnership accounting. We affirm in part and reverse in part.

I.
In 1982, appellee Young Investments, Inc. entered into a joint venture agreement with A.J. Henriquez and another partner, for the purpose of converting the Sportsmen's Inn in Key West into a condominium. In 1983, Henriquez assigned his interest in the joint venture to appellant Ascontec Consulting, Inc. A few months later, the venture was placed in receivership and terminated operations.
Ascontec brought suit against Young Investments, Inc. and Dan E. Young to collect a $150,000 loan it had made to the joint venture. Young Investments had, along with the other original joint venture partners, executed the note. Appellee Dan E. Young was one of several personal guarantors.
Young and Young Investments (collectively "Young") asserted counterclaims and third-party claims seeking an accounting and asserting claims for contribution, on the theory that Young Investments had advanced more than its proportional share of the funds for the joint venture. The third-party defendants included joint venture partner JRR Investments, Inc.; JRR's principal, John R. Rhodes (who had also personally guaranteed the $150,000 loan); and former joint venture partner Henriquez.
Young also asserted claims against Ascontec and Fred Sahapoglu for mismanagement and misappropriation. Young contended that during time periods when Sahapoglu was employed by the joint venture, Sahapoglu had paid himself salary in excess of the agreed upon amount, and that he and Ascontec had made certain unauthorized withdrawals of joint venture funds.
After a bench trial conducted in 1989 and 1990, the trial court entered an interim order resolving certain factual disputes regarding the joint venture and the Ascontec note. The court ruled that the joint venture partners were entitled to an accounting and appointed a certified public accountant for that purpose. After receiving the accountant's report and conducting a further evidentiary hearing, the trial court ruled in favor of Young Investments. The court accepted the accountant's conclusion that Ascontec must make contribution to Young Investments. The court also ruled that Ascontec and Sahapoglu must repay misappropriated funds, namely, excessive salary and certain unauthorized withdrawals from the joint venture accounts. From a judgment in favor of *587 Young Investments, Ascontec and Sahapoglu appeal.

II.
Ascontec and Sahapoglu (collectively "Ascontec") first contend that there was an unreasonable delay between the evidentiary hearing on the accountant's report and the trial court's issuance of its findings of fact and conclusions of law twenty-two months later. Relying on several cases from other districts, Ascontec contends that where there is a lengthy delay between the evidentiary hearing and the entry of the written order, the aggrieved party is entitled to a new evidentiary hearing as a matter of law. See Falabella v. Wilkins, 656 So.2d 256, 257 (Fla. 5th DCA 1995); Tunnage v. Bostic, 641 So.2d 499, 500-01 (Fla. 4th DCA 1994); Williams College v. Bourne, 625 So.2d 913, 914 (Fla. 5th DCA 1993); Polizzi v. Polizzi, 600 So.2d 490, 491 (Fla. 5th DCA 1992).
This issue is not preserved for appellate review because Ascontec did not present this request in the first instance to the trial court. Here, Ascontec claims that by reason of the passage of time, the trial court's recollection of the proceedings had become faultya dubious proposition in view of the fact that a transcript, as well as the accountant's written report, was available. In any event, Ascontec is arguing in essence for a new trial, and such a request must be made in the first instance to the trial judge.[1]See Fla. R. Civ. P. 1.530(a).
Even if the issue had been preserved for appellate review, we do not think it is the law in any district that a delay between bench trial and issuance of ruling will, without more, result in an appellate reversal and remand for a new trial. In the facts of the decided cases, there is typically a combination of delay plus an indication that something is seriously amiss on the merits. Compare Polizzi, 600 So.2d at 491 (final judgment in conflict with judge's oral pronouncements at trial and the evidence; trial judge had retired after signing the judgment); Williams College, 625 So.2d at 914 (judgment seemingly at odds with the evidence); Tunnage, 641 So.2d at 500 (final judgment confusing, contradictory, not supported by the evidence, and failed to make award against a party in default); Falabella, 656 So.2d at 257 (questioning award of primary custody to mother where abundant evidence favored the father and where "the mother, who has a nomadic lifestyle, has been convicted of cocaine possession and arrested for bad checks and armed robbery. Whether or not these facts were recalled by the trial judge after fourteen months, we have no way of knowing."); City of Miami v. Tarafa Constr., Inc., 696 So.2d 1275, 1277-78 (Fla. 3d DCA 1997) (citing factual similarity to Tunnage; judgment confusing, contradictory, and included awards for two noncompensable claims) with Duva v. Duva, 674 So.2d 774, 776 (Fla. 5th DCA 1996) (minor or marginal deficiencies did not undermine confidence in the judgment; parties had been before the court frequently and judge's "record comments suggest that he was familiar with and was at least thinking about the task of issuing a final judgment."). In such circumstances, the appellate courts have exercised discretion to order a retrial or a new hearing.

III.
Turning to the merits, Ascontec contends that the trial court erred by holding it liable for joint venture debts incurred prior to Ascontec's becoming a joint venture partner on May 1, 1983. The joint venture was created June 15, 1982. Most of the sums for which Young Investments seeks contribution were loaned or contributed to the joint venture prior to the time that Ascontec became a joint venture partner.
The joint venture is governed by partnership principles, and the statute applicable here is the Uniform Partnership Act, which has been adopted in Florida. See § 620.56, Fla. Stat. (1981).[2] Ascontec relies *588 on section 620.64, Florida Statutes (1981), which provides:
620.64 Liability of incoming partner. A person admitted as a partner into an existing partnership is liable for all the obligations of the partnership arising before his admission as though he had been a partner when the obligations were incurred, except that this liability shall be satisfied only out of partnership property.
Ascontec reads this section to bar any claim against it by its joint venture partners for obligations incurred prior to May 1, 1983 except to the extent of partnership property. We are unable to accept Ascontec's argument.
The cited statute is section 17 of the Uniform Partnership Act. See 6 U.L.A. 519 (1995). Section 17 appears in part III of the Uniform Partnership Act, entitled "Relations of Partners to Persons Dealing with the Partnership." See 6 U.L.A. at 400. "The protection afforded incoming partners from prior partnership debts, except to the extent of satisfaction out of partnership property, concerns the rights of third party creditors, not the rights and obligations of partners in relation to one another." 59A Am.Jur.2d Partnership § 916, at 691 (1987) (citing Morgan v. Balzhiser, 279 Or. 343, 568 P.2d 1354, 1357 (1977)); see also Conklin Farm v. Leibowitz, 140 N.J. 417, 658 A.2d 1257, 1259-61 (1995); Uniform Partnership Act § 17 cmt., 6 U.L.A. at 519-20. Relations between partners are covered by other portions of the Uniform Partnership Act. See §§ 620.645.67, Fla. Stat. (1981); Uniform Partnership Act Part IV, §§ 18-23, 6 U.L.A. at 526-695.
As Ascontec's sole argument regarding liability for preexisting joint venture indebtedness is based on section 620.64, and as section 620.64 is inapplicable to relations among partners, we reject Ascontec's argument for reversal on this issue.

IV.
Ascontec contends that the trial court erred in its determination that there had been a misappropriation of partnership funds, and in its calculation of the amount of the judgment in favor of Young Investments, Inc. We conclude that one of Ascontec's arguments has merit.
For a number of months, the joint venture employed Sahapoglu as a manager and agreed to pay him a salary. In the accounting proceedings, the parties disagreed over what salary level had been authorized by the venture for Sahapoglu. The trial court resolved conflicting evidence against Sahapoglu, and ruled that Sahapoglu had paid himself compensation in excess of that which the joint venture partners had authorized. We do not disturb this ruling.
In the listing of challenged payments to Ascontec or Sahapoglu, the accountant included withdrawals of a $10,000 and $15,000 amount. At the evidentiary hearing on the accountant's report, Sahapoglu conceded that these two withdrawals had been unauthorized, but testified that he repaid the amounts shortly after he withdrew them. These repayments were reflected on the joint venture's bank statements. Ascontec also submitted a deposition excerpt in which another of the joint venture partners, Armando Henriquez, testified that he had directed Sahapoglu to repay these amounts, and that Sahapoglu had done so. Based on this uncontroverted testimony, we conclude that Ascontec should have been credited with the repayment of the $25,000.
We reject Ascontec's remaining claims. Ascontec contends that, with regard to the excess compensation/unauthorized withdrawals which it must repay, a judgment should issue in favor of Young Investments for only forty percent of the excess amount, not one hundred percent. Ascontec reasons that this is so because Young Investments held only a forty percent joint venture interest, and thus would only be entitled to forty percent of the amount which Ascontec must repay to the joint venture.
Ascontec's argument overlooks the bottom line of the accounting performed by the certified public accountant. The accounting shows that Young Investments paid $351,045 to the joint venture over and above its forty percent share. The other two joint venture *589 partners, Ascontec and JRR Investments, Inc. each underpaid. That being so, the Ascontec reimbursement would all properly flow to Young Investments. The judgment was correct in so providing.[3]
Ascontec contends that in calculating the respective amounts due, the accountant erred by failing to calculate interest on its $150,000 loan to the partnership, which came due May 27, 1983. The accountant picked a valuation date of January 1, 1984, for calculating the amounts owed between the joint venture partners. Ascontec contends that in calculating the amount it was owed, the accountant should have included interest on the $150,000 loan from May 27, 1983, through the valuation date.
The trial court rejected this claim on the theory that this note did not bear interest. We agree. The contract which accompanied the note explained that in return for the loan, the joint venture agreed to pay Ascontec fifteen percent of the net profits of the development of the condominium project. Ascontec thereby took the risk that if there were no net profits, there would be no interest. As there were no net profits, no interest was due. The claim to impose statutory interest after the due date of the loan is without merit. See Giglio v. Weaner, 503 So.2d 1380, 1381 (Fla. 2d DCA 1987); Lattin v. LaFrance, 475 So.2d 299, 299 (Fla. 4th DCA 1985).
Ascontec argues that it should have been granted attorney's fees under the attorney's fee clause of the $150,000 note. Ascontec reasons that it was the prevailing party in the action to collect the note, because the accountant gave Ascontec credit for the $150,000 amount in the partnership accounting. We disagree. The $150,000 amount was more than offset by the amounts owed to Young Investments, in whose favor the judgment was entered. See Moritz v. Hoyt Enters., Inc., 604 So.2d 807, 810 (Fla.1992); Kendall East Estates v. Banks, 386 So.2d 1245, 1247 (Fla. 3d DCA 1980).
Ascontec contends that Young Investments should not have been credited with loans or capital contributions made by affiliated companies. We disagree. The accountant and the court could reasonably conclude that the amounts paid by Young's other companies were paid on behalf of Young Investments as joint venture partner.

V.
For the foregoing reasons, we reverse the judgment and remand with directions to give Ascontec credit for an additional $25,000 amount, and for correction of the computational error referred to in footnote 3 supra. In all other respects, the final judgment is affirmed.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.
NOTES
[1] This court does, of course, have the discretion to order a new trial "if the error for which reversal is sought is such as to require a new trial," § 59.35, Fla. Stat. (1997), or in the interests of justice.
[2] More recently, Florida has adopted the Revised Uniform Partnership Act of 1995. See § 620.81002, Fla. Stat. (1995). The 1995 enactment contains a saving clause which states, "The Revised Uniform Partnership Act of 1995 does not affect any action or proceeding commenced or any right accrued before January 1, 1996." Id. § 620.91.
[3] In calculating the amount of misappropriated partnership funds, the court's findings of fact include a mathematical error. The accountant's calculations showed withdrawals by Ascontec and Sahapoglu of $83,898. The court ruled that the authorized withdrawals were $24,000. That being so, the net amount to be repaid should have been $59,898, rather than, as shown in the findings of fact, $58,898.

Using $59,898 as the correct figure and giving credit to Ascontec for another $25,000, the misappropriated amount to be repaid would be $34,898.