739 So.2d 704 (1999)
Jeffrey REIS, Appellant,
v.
Sheila REIS and State of Florida, Department of Revenue, Appellees.
No. 98-01564.
District Court of Appeal of Florida, Third District.
September 8, 1999.
*705 David L. Manz and Greenman & Manz, P.A., Marathon, for appellant.
Sheila Reis, in proper person.
Robert A. Butterworth, Attorney General, and Jon J. Johnson, Assistant Attorney General, for appellee State of Florida, Department of Revenue.
Before COPE, LEVY and SHEVIN, JJ.
PER CURIAM.
Jeffrey Reis, the former husband, appeals an order on child support, alimony, equitable distribution, and attorney's fees. We affirm.
Appellee Shelia Reis, the former wife, filed a petition for dissolution in April 1995. After several months of bitter dispute, the matter went to trial in November 1995. A Final Judgment of Dissolution was entered in January 1996. The final judgment awarded custody of the parties' two sons to the former husband and custody of the daughter to the former wife, but reserved jurisdiction to award attorney's fees, alimony and child support. Neither party appealed those rulings.
After further proceedings in April and September 1997, the trial court entered its order on the remaining issues in May 1998. The order determined that the former husband had a net annual income of $42,000, that the former wife was unemployed and that it would be improper to impute income to her. The order then awarded the wife child support for care of the daughter and found an arrearage due from the time of the initial judgment. The order also awarded the former wife a portion of her attorney's fees and equitably distributed the parties' property. The former husband has appealed from this order.
As his first point, the former husband claims there should be a reversal because of an unreasonable time delay between the final hearing and the entry of the order on appeal. The former husband essentially argues that he is entitled to a reversal and new trial solely on the basis of an 8-month delay. We reject that claim on the authority of Ascontec Consulting, Inc. v. Young, 714 So.2d 585 (Fla. 3d DCA 1998). The former husband's assertion is in essence that "by reason of the passage of time, the trial court's recollection of the proceedings had become faulty...." id. at 587 (citations omitted), and that as a consequence he is entitled to a new trial. As we explained in Ascontec, "such a request must be made in the first instance to the trial judge." Id. (footnote and citation omitted). That was not done in this case.
Further, "[e]ven if the issue had been preserved for appellate review, we do not think it is the law in any district that a delay between bench trial and issuance of ruling will, without more, result in an appellate reversal and remand for new trial. In the facts of the decided cases, there is typically a combination of delay plus an indication that something is seriously amiss on the merits." Id. at 587 (citations omitted). We thus turn to the former husband's specific claims of error.
As his second point the former husband contends that the order awarding $6,000 in attorney's fees to the former wife must be reversed because the trial court did not make specific factual findings as contemplated by Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985). *706 We see no indication that this point was called to the attention of the trial judge. The point is therefore not preserved for appellate review.
Even if the point had been preserved, the amount awarded is not facially unreasonable in light of the issues involved in this case. The trial court did make specific findings of the wife's need and the husband's ability to pay. The court also made a finding that "a substantial portion of attorney's fees, especially at the beginning stages of this litigation, were generated as a result of the Respondent's noncompliance with Court orders." The Fourth District has said that "where, as here, the only findings necessary to arrive at the proper amount are the number of hours reasonably expended and the reasonable hourly rate, the failure to have more explicit findings is harmless error under Rowe." Blits v. Renaissance Cruises, Inc., 647 So.2d 971, 972 (Fla. 4th DCA 1994); see also Civile v. Civile, 600 So.2d 51 (Fla. 3d DCA 1992). The attorney's fee award is affirmed.
In the former husband's third point, he argues that the equitable distribution award must be reversed because of a lack of jurisdiction to make the award. The trial court in this case entered a final judgment of dissolution of marriage, which reserved jurisdiction on a number of issues including attorney's fees, child support, and the former wife's claim for permanent or rehabilitative alimony. The final judgment did not specifically reserve jurisdiction to make an equitable distribution award, although it is undisputed that a claim for equitable distribution had been made, and was not resolved, in the final judgment itself.
The former husband argues that absent a specific reservation of jurisdiction, the trial court lost jurisdiction to make an equitable distribution award. We reject this claim because we think the reservation of jurisdiction to consider permanent or rehabilitative alimony was broad enough to include equitable distribution. The equitable distribution statute itself says, "After the determination of an equitable distribution of the marital assets and liabilities, the court shall consider whether a judgment for alimony shall be made." § 61.075(8), Fla. Stat. (1997). Similarly, the alimony statute provides that among the factors to be considered are "[t]he financial resources of each party, the non-marital and the marital assets and liabilities distributed to each." § 61.08(2)(d), Fla. Stat. (1997). The logic of the situation is that the court must know what other assets have been awarded to each party in order to make a proper determination of the alimony request. Since equitable distribution is to precede the determination of the alimony request, it follows that a reservation of jurisdiction to consider permanent or rehabilitative alimony necessarily includes a reservation of jurisdiction to determine equitable distribution.
The former husband also argues that even if there was jurisdiction to consider equitable distribution, that the trial court erred in its distribution plan. Specifically, the former husband contends that he sold certain personal property and used the proceeds for support during the pendency of the dissolution. The former husband claims that his testimony on this issue was uncontradicted and he relies on Knecht v. Knecht, 629 So.2d 883, 886 (Fla. 3d DCA 1993), for the proposition that if a litigant must sell assets to obtain income to live on during the dissolution process, then that should not be counted as an asset for purposes of equitable distribution.
The record does not support the former husband's contentions. In the order on appeal, the trial court found the wife's testimony to be detailed and reliable regarding the identity, disposition, and value of the marital assets. The court also found the husband's income information to be unreliable. It is not the role of this court to re-examine those determinations of credibility. The former wife effectively *707 impeached the former husband's claim that the proceeds were used for needed support.
As to valuation, the dispute involves the value of the parties' sailboat and powerboat. The court accepted the value the husband had used in his financial affidavit. The husband contended that the actual sale price was much lower. The husband was not, however, able to identify the buyer, did not produce documentation of the amount received, and received the proceeds in cash which was not deposited in a bank account. Under the circumstances, the court was allowed to reject the husband's position and accept the husband's original valuation as representing fair value.
As his next point, the former husband claims that the trial court erred in its method for calculating child support. There are three children of which the husband has custody of two, and the wife has one. The wife has physical disabilities, and is not working. The trial court calculated the child support amount for three children and required the husband to pay one-third of that amount to the former wife for the child of whom she has custody. We find no abuse of discretion in that determination.
As his final point, the former husband claims that the trial court miscalculated his income for purposes of the child support award. We conclude that the trial court calculation is supported by the evidence. The husband contends that there is no support for the trial court's calculation that the husband receives approximately $4,260 in unreported cash from his business. The court specifically found that the wife's testimony regarding the husband's cash income was accurate. The husband also contends that the trial court should have allowed a higher figure for his business expenses. The figure allowed by the trial court was consistent with the business expense figures reflected on the tax returns in prior years. The court found the husband's testimony unreliable. The business income figure used by the court was supported by the record.
Finally, the trial court based part of its income calculation on the amount of deposits in the husband's business account in 1996. The husband contends that part of the deposits reflected $6,000 in loans from his mother. While the husband did present documentary evidence of loans from his mother during 1995, no similar documentation was presented for 1996. In view of the trial court's credibility determination, the court could reject the testimony about undocumented loans. We therefore find no error in the child support calculation. See Evans v. Evans, 443 So.2d 233, 235 (Fla. 1st DCA 1983). Consequently, we affirm the income calculations.
Affirmed.