POLEN, C.J.
Former Husband, Brett Woodell, timely appeals from a final judgment of dissolution of marriage. Of the three points he raises in this appeal, we affirm on two and dismiss one. First, we hold the trial court’s eleven-page final judgment satisfies the specificity requirements of section 61.075, Florida Statutes (1997).
Second, we hold the three-month delay between trial and entry of final judgment does not compel reversal. Nothing in the record supports that the written judgment failed to conform with any oral pronouncements the court may have made earlier, or that it otherwise contained any inconsistencies. See Ascontec Consulting, Inc. v. Young, 714 So.2d 585, 587 (Fla. 3d DCA 1998)(“[W]e do not think it is the law in any district that a delay between bench trial and issuance of ruling will, without more, result in an appellate reversal and remand for a new trial.”); Duva v. Duva, 674 So.2d 774, 776 (Fla. 5th DCA 1996)(af-firming, notwithstanding minor or marginal deficiencies; parties had been before the court frequently and judge’s “record comments suggest that he was familiar with and was at least thinking about the task of issuing a final judgment”).
*574 Finally, we dismiss Former Husband’s appellate issue that the court erred in awarding Former Wife attorney’s fees. As Former Husband never appealed from this separate order, we lack jurisdiction to entertain this argument. See Velickovich v. Ricci, 391 So.2d 258, 260 (Fla. 4th DCA 1980)(“This court cannot review judicial acts of a trial court taking place after the filing of a notice of appeal unless those judicial acts are themselves made the subject of a new notice of appeal or other appropriate appellate proceedings.”), rev. den., 402 So.2d 614 (Fla.1981).
AFFIRMED in part; DISMISSED in part.
WARNER and GROSS, JJ., concur.