791 So.2d 584 (2001)
William G. BROADFOOT, Appellant,
v.
Rocio E. BROADFOOT, Appellee.
No. 3D00-1973.
District Court of Appeal of Florida, Third District.
August 15, 2001.
*585 Pimentel & Lopera and Zoila Pimentel, Miami, for appellant.
Babun & Torres and Lizette Babun, Miami, for appellee.
Before JORGENSON, COPE and GREEN, JJ.
COPE, J.
William G. Broadfoot appeals a final judgment of dissolution of marriage. We affirm in part and reverse in part.
The appellant husband challenges the permanent alimony award.
He argues that there should be a reversal because the trial court failed to make the findings required by subsection 61.08(1), Florida Statutes (2000). We decline to reverse on this basis.
The time to request findings is when the case is pending in the trial court. Reis v. Reis, 739 So.2d 704, 705 (Fla. 3d DCA 1999); Ascontec Consulting, Inc. v. Young, 714 So.2d 585, 587 (Fla. 3d DCA 1998). Presumably the need for findings will be brought out at the final hearing and also in connection with the submission of any proposed judgment. If the judgment is entered without required findings, then a motion for rehearing should be filed, requesting findings.
As a general rule, we decline to consider claims which were not presented in the first instance in the trial court. See, e.g., Rokicki v. Rokicki, 660 So.2d 362, 364 (Fla. 3d DCA 1995). In this case there is no indication that the need for statutory findings was called to the attention of the trial court.
Where, as here, the basis for the award is reasonably clear and supported by the record, we decline to reverse on account of the absence of statutory findings. We do, of course, reserve the right to reverse on account of an absence of findings (whether the point was raised in the trial court or not) if the absence of the statutory findings frustrates this court's appellate review. See Levi v. Levi, 780 So.2d 261, 263 (Fla. 3d DCA 2001); McCarty v. McCarty, 710 So.2d 713, 715 (Fla. 1st DCA 1998).
In this case the parties were married for twenty-nine years and the husband concedes that a permanent alimony award was appropriate. While he complains about the amount of the award, the amount is consistent with the evidence presented and within the scope of the court's discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
The husband next contends that the trial court erroneously skewed the equitable distribution in favor of the wife without an explanation, as contemplated by the equitable distribution statute. See § 61.07(1), Fla. Stat. (2000). Again, we see no indication that this provision of the statute was called to the attention of the trial court.
The husband's more specific complaint is that he was required to assume about $20,000 more of the parties' credit card debt than was the wife. While that is true, this is offset by the fact that the trial court let each party keep his or her own *586 retirement plan. The husband's retirement plan was worth about $20,000 more than that of the wife, and both plans were marital assets. The proceeds from the sale of the marital home were divided equally between the parties. It thus appears that the equitable distribution was approximately equal or at most, slightly in favor of the wife. The award was within permissible discretion.
The husband argues that when the marital home was listed for sale, it was necessary to pay for repairs to the roof and water heater in the amount of $6,550. The husband testified that he obtained the funds for this repair from his parents. He contended that he was entitled to a special equity. We agree that credit should have been given for those repairs.
As a matter of common practice, repairs which are required in order to sell the marital home are generally viewed as being expenses of sale. These should be reimbursed to the party who paid those expenses, from the proceeds of the sale. Regardless of whether the funds for the repairs came from the husband's parents, or the husband himself, the appropriate credit should have been given. The wife is responsible for reimbursing the husband $3,275 representing one-half of the repair cost.
The husband contends that the trial court erred by failing to grant a special equity for money which the husband's parents had advanced to the couple in 1984 for the down payment on the marital home. The parties repaid part of this amount but made no further payments after 1987. The husband contended that the remaining $17,000 was to be repaid at the time of sale of the marital home. The wife denied the existence of such a promise to repay.
The evidence was thus in conflict on whether, at the time of the dissolution, there was an obligation to repay this money or whether in reality it was a de facto gift. The trial court concluded that the husband had not carried his burden of demonstrating the existence of a special equity. We do not disturb that conclusion. We likewise conclude that the attorney's fee award was within discretion. See Canakaris, 382 So.2d at 1204; Sol v. Sol, 656 So.2d 206, 209 (Fla. 3d DCA 1995); Nisbeth v. Nisbeth, 568 So.2d 461, 462 (Fla. 3d DCA 1990).
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.