991 So.2d 400 (2008)
George WORTHEN, Appellant,
v.
Susan WORTHEN, Appellee.
No. 2D06-4695.
District Court of Appeal of Florida, Second District.
September 17, 2008.
Debra J. Sutton and Sara-Jean Palmer of Sutton Law Firm, Bartow, for Appellant.
*401 No appearance for Appellee.
PER CURIAM.
George Worthen, the Former Husband, challenges the distribution of assets, award of alimony, and partition and sale of the marital residence ordered in the trial court's final judgment of dissolution of marriage. Susan Worthen, the Former Wife, has made no appearance in this appeal. The Former Husband argues that the final judgment must be reversed because it does not contain statutorily required findings of fact regarding the award of alimony and the equitable distribution of assets.[1] Further, he argues that because neither party requested a partition and sale of the marital residence, the trial court erred by ordering such. We agree with the Former Husband's argument regarding the partition and sale but affirm as to the other issues.
Although the Former Husband is correct that the final judgment did not make specific findings regarding the award of alimony or the basis of the equitable distribution, this deficiency does not necessarily amount to reversible error. This case is factually similar to Esaw v. Esaw, 965 So.2d 1261, 1265 (Fla. 2d DCA 2007), in which this court concluded that
in the absence of a transcript or appropriate substitute, the wife is unable to demonstrate "that the error complained of has resulted in a miscarriage of justice." § 59.041.... Indeed, the wife has made no attempt to show how the inadequacy of the findings constitutes harmful error. Because the wife did not provide a transcript or appropriate substitute and did not demonstrate harmful error, we will not reverse the judgment on the basis of the wife's claim that the findings are inadequate.
Similarly, there is no transcript in the instant record, and the Former Husband asserts that the hearing was not recorded. Additionally, the Former Husband, like the wife in Esaw, made no attempt to show how the error was harmful but rather simply argued that this court should reverse based on the absence of the findings. Accordingly, we conclude that the trial court's error in omitting the statutorily required findings has not been shown to be harmful and that the final judgment should be affirmed as to these issues.
However, the Former Husband is correct that the trial court erred by ordering the partition and sale of the marital residence when neither party requested such relief. See Martinez v. Martinez, 573 So.2d 37, 43 (Fla. 1st DCA 1990) ("In dissolution proceedings, the court has no authority to partition jointly-held property in the absence of the parties' agreement or a specific pleading requesting partition."); Zeller v. Zeller, 396 So.2d 1177, 1178 (Fla. 4th DCA 1981) (Holding that ordering partition of the marital home absent a specific pleading requesting it was error).
As such, we reverse the portion of the trial court's final judgment that orders the partition and sale of the marital residence, and we remand for reconsideration of the disposition of the marital home. We affirm the final judgment in all other respects.
Affirmed in part, reversed in part, and remanded.
DAVIS and KELLY, JJ., and LEVY, DAVID L., Associate Senior Judge, Concur.
NOTES
[1] See §§ 68.08, 61.075, Fla. Stat. (2006).