NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

BRADLEY B. ENGLE,                )
                                 )
            Appellant,           )
                                 )
v.                               )          Case No. 2D17-620
                                 )
MICHELLE K. ENGLE,               )
                                 )
            Appellee.            )
_____ )

Opinion filed July 3, 2019.

Appeal from the Circuit Court for Lee
County; John S. Carlin, Judge.

Brian J. Kruger and Luis E. Insignares
of Luis E. Insignares, P.A., Fort Myers,
for Appellant.

Toni A. Butler of Alderuccio & Butler,
LLC, Naples, for Appellee.


SLEET, Judge.

Bradley B. Engle, the Former Husband, challenges the final judgment of

dissolution of his marriage to Michelle K. Engle, the Former Wife. We affirm without

comment the portions of the final judgment that dissolve the parties' marriage and set

forth the equitable distribution of the parties' assets and liabilities. But we reverse the

portion of the final judgment that awarded the Former Wife permanent periodic alimony

due to the trial court's failure to make the findings required by section 61.08(8), Florida Statutes (2016), and we remand with instructions that the trial court make the statutorily required findings.

Section 61.08(8) provides that "[p]ermanent alimony may be awarded following a marriage of long duration if such an award is appropriate upon consideration of the factors set forth in subsection (2)."  But "[i]n awarding permanent alimony, the court <u>shall</u> include a finding that no other form of alimony is fair and reasonable under the circumstances of the parties."  <u>Id.</u> (emphasis added); <u>see also</u> <u>Vinsand v. Vinsand</u>, 179 So. 3d 366, 369 (Fla. 2d DCA 2015) ("[T]he trial court failed to make a finding that no other form of alimony was fair or reasonable under the circumstances of this case. We note that such a finding is now statutorily required . . . .").  A trial court's failure to make the required findings is reversible error.  <u>See, e.g.</u>, <u>Velez v. Montalvo-Velez</u>, 253 So. 3d 117, 118, 121 (Fla. 2d DCA 2018) ("Because the trial court . . . failed to make the express finding mandated by section 61.08(8) . . . we reverse the portion of the final judgment related to alimony. . . .  Even if this finding is implicit in the court's ruling given the length of the marriage, the former[] wife's need for alimony, and the former husband's apparent ability to pay alimony, we must reverse as to this issue."); <u>Jordan v. Jordan</u>, 199 So. 3d 343, 345 (Fla. 4th DCA 2016) ("The trial court did . . . fail to make the requisite finding that no other form of alimony would be fair and reasonable. . . . That finding might be implicit in the trial court's conclusion; nevertheless, the statute requires the finding to be made.  We therefore reverse and remand the case for this finding, which the trial court will no doubt make."); <u>Winder v. Winder</u>, 152 So. 3d 836, 841 (Fla. 1st DCA 2014) (reversing alimony award "because the trial court failed to

- 2 -

expressly find that no other form of alimony would be appropriate before awarding permanent alimony").

The Former Wife, however, maintains that the Former Husband has not preserved this argument for appeal because he did not raise it in the trial court by way of a motion for rehearing. We do not agree. Such a preservation requirement is not supported by statute or rule of procedure. In chapter 61 the legislature provides clear instructions to trial courts to make specific mandatory findings of fact. But the legislature did not include a provision requiring a motion for rehearing to preserve a challenge to a lack of statutory findings. Nor has the Florida Supreme Court or the rules committee placed such a requirement upon family law litigants.

We recognize that all of the other districts have at one time held that a party must first bring a trial court's failure to make statutorily required findings of fact to the attention of the trial court by way of a motion for rehearing. See, e.g., Farghali v. Farghali, 187 So. 3d 338, 340 (Fla. 4th DCA 2016) (adopting the rule that a party must first challenge in the trial court the adequacy of the trial court's findings in family law cases), receded from by Fox v. Fox, 262 So. 3d 789 (Fla. 4th DCA 2018); Owens v. Owens, 973 So. 2d 1169, 1170 (Fla. 1st DCA 2007) (holding that appellant's argument that final judgment lacked sufficient findings was not preserved for appellate review because appellant did not raise it "in a motion for rehearing or by other means available in the trial court"); Mathieu v. Mathieu, 877 So. 2d 740, 741 (Fla. 5th DCA 2004) ("[A] party cannot complain on appeal about inadequate findings in a dissolution case unless the alleged defect was brought to the trial court's attention in a motion for rehearing."); Broadfoot v. Broadfoot, 791 So. 2d 584, 585 (Fla. 3d DCA 2001) (holding that the former husband failed to preserve his challenge to the trial court's failure to make the

requisite findings because "there is no indication that the need for statutory findings was called to the attention of the trial court").[1]  However, during the pendency of this appeal, the Fourth District receded from its decision in Farghali and held—as we do here—that "the failure to comply with the statute's requirement of factual findings is reversible error regardless of whether a motion for rehearing is filed."  Fox, 262 So. 3d at 791.[2]

In coming to this conclusion, we first point out that the line of cases requiring a motion for rehearing to preserve the failure to make factual findings—which continues to be good law in the First, Third, and Fifth Districts—stems from the case Ascontec Consulting, Inc. v. Young, 714 So. 2d 585, 587 (Fla. 3d DCA 1998), which simply does not state that proposition.[3]

The first Florida case requiring parties to raise a trial court's failure to make statutorily required findings in a motion for rehearing in order to preserve the error for appellate review was Broadfoot, 791 So. 2d at 585, wherein the Third District held

---

[1]To the extent that these opinions address different statutes within chapter 61 than the one implicated in the instant case, the rule we adopt today applies to any provision of chapter 61 that requires the trial court to make factual findings.

[2]In Fox, 262 So. 3d at 793, the Fourth District interpreted this court's opinion in Esaw v. Esaw, 965 So. 2d 1261 (Fla. 2d DCA 2007), as implicitly approving the preservation rule set forth in Broadfoot and its progeny.  However, this court's opinion in Esaw stopped short of adopting that rule as is evidenced by Judge Silberman's concurrence, in which he offered advice of the best practices for practitioners to take in such cases "because this court has not explicitly addressed the preservation question as discussed in Owens, Mathieu, and Broadfoot."  965 So. 2d at 1268 (Silberman, J., concurring); see also B.K. v. S.D.C., 122 So. 3d 980, 981 (Fla. 2d DCA 2013) ("While other district courts have required parties complaining on appeal about inadequate findings in dissolution cases to bring the alleged defect to the trial court's attention in a motion for rehearing in order to preserve the issue for appeal, this court has not yet decided the preservation issue in the broader context." (citing Esaw, 965 So. 2d at 1265 n.1)).

[3]The First District's Owens opinion relies on the Fifth District's Mathieu opinion and the Third District's Broadfoot decision.  973 So. 2d at 1170.  Mathieu relies solely on Broadfoot.  877 So. 2d at 741.

that "[t]he time to request findings is when the case is pending in the trial court."  To support this proposition, the Third District cited Reis v. Reis, 739 So. 2d 704, 705 (Fla. 3d DCA 1999), and Ascontec, 714 So. 2d at 587.  However, neither Reis nor Ascontec involved a trial court's failure to make statutorily required factual findings.  Rather, both cases addressed claims that the trial court waited too long after an evidentiary hearing to issue its written order, calling into question the trial court's ability to correctly recall the details of the hearing.

In Reis, the former husband in a dissolution case "claim[ed] there should be a reversal because of an unreasonable time delay between the final hearing and the entry of the order on appeal.  The former husband essentially argue[d] that he [wa]s entitled to a reversal and new trial solely on the basis of an [eight]-month delay."  739 So. 2d at 705.  The Third District disagreed with the former husband and relied on its prior holding in Ascontec as follows:

> We reject th[e former husband's] claim on the authority of Ascontec . . . .  The former husband's assertion is in essence that "by reason of the passage of time, the trial court's recollection of the proceedings had become faulty . . . [,]" [Ascontec, 714 So. 2d] at 587 (citations omitted), and that as a consequence he is entitled to a new trial.  As we explained in Ascontec, "such a request must be made in the first instance to the trial judge."  Id.

Reis, 739 So. 2d at 705.

In Ascontec, the appellant initiated suit to recover a loan it had made to a joint venture.  714 So. 2d at 586.  "The [trial] court ruled that the joint venture partners were entitled to an accounting and appointed a certified public accountant for that purpose.  After receiving the accountant's report and conducting a further evidentiary hearing, the trial court ruled in favor of [appellee]."  Id.  On appeal, Ascontec argued

that there was an unreasonable delay between the evidentiary hearing on the accountant's report and the trial court's issuance of its findings of fact and conclusions of law twenty-two months later . . . [and] that where there is a lengthy delay between the evidentiary hearing and the entry of the written order, the aggrieved party is entitled to a new evidentiary hearing as a matter of law.

Id. at 587. In addressing the specific issue of whether Ascontec was entitled to a new evidentiary hearing due to a delay in the trial court's issuing its written order, the Third District concluded as follows:

This issue is not preserved for appellate review because Ascontec did not present this request in the first instance to the trial court. Here, Ascontec claims that by reason of the passage of time, the trial court's recollection of the proceedings had become faulty . . . . Ascontec is arguing in essence for a new trial, and such a request must be made in the first instance to the trial judge. See Fla. R. Civ. P. 1.530(a).

Id. (emphasis added) (footnote omitted). As such, neither Ascontec nor Reis involved a trial court's failure to make statutorily required factual findings in a dissolution proceeding, and therefore neither case held that a trial court's failure to do so had to first be raised in a motion for rehearing to be preserved for appellate review. Instead, those cases involved appellants seeking new trials, and their holdings turned on the specific Florida Rule of Civil Procedure 1.530 provisions that address the trial court's authority to grant a new trial.[4]

Despite the fact that neither Ascontec nor Reis addressed a trial court's failure to make statutorily required findings, the Third District in Broadfoot cited those

_____

[4]And even in that context, Ascontec did not create a mandatory rule requiring a request for a new trial to be raised in the trial court, as the Third District expressly stated that "[t]his court does, of course, have the discretion to order a new trial" pursuant to section 59.35, Florida Statutes (1997), or even "in the interests of justice." 714 So. 2d at 587 n.1.

- 6 -

two cases as authority for the proposition "that the need for statutory findings" must first be called to the attention of the trial court in a motion for rehearing. 791 So. 2d at 585. And that conclusion in Broadfoot has now been repeated by the First, Third, and Fifth Districts several times in dissolution cases with little or no independent analysis as to why such a requirement should apply specifically in family law cases involving the failure to make the factual findings required by chapter 61.

We fail to see why this special rule of preservation should be implemented in family law proceedings when Florida courts routinely reverse errors that are apparent on the face of a judgment in other areas of the law without indicating that preservation by a motion for rehearing is required. See, e.g., JPMorgan Chase Bank, Nat'l Ass'n v. DeYoung, 43 Fla. L. Weekly D1994, D1995 (Fla. 2d DCA Aug. 29, 2018) ("Ms. DeYoung does not contest that the [principal balance due] figure contained in the amended final judgment [of foreclosure] is likely a scrivener's error but argues the Bank waived the error by not raising it in a motion for rehearing. We disagree."); Salazar v. Hometeam Pest Def., Inc., 230 So. 3d 619, 622 (Fla. 2d DCA 2017) (reversing because "the trial court's order is devoid of any [of the] findings of fact" required by Florida Rule of Civil Procedure 1.610(c) for the entry of a temporary injunction); Greenhill v. Shands Teaching Hosp. & Clinics, Inc., 834 So. 2d 896, 896 (Fla. 1st DCA 2002) (reversing order that dismissed action as a sanction for appellant's failure to comply with pretrial conference order because it lacked "a finding which indicates that the party's conduct was willful or deliberate" (citing Commonwealth Fed. Sav. & Loan Ass'n v. Tubero, 569 So. 2d 1271 (Fla. 1990))). Moreover, even in family law proceedings, Florida courts routinely correct other errors that are apparent on the face of the order. See, e.g., B.K. v. S.D.C., 122 So. 3d 980, 981 (Fla. 2d DCA 2013) ("S.D.C. argues that B.K. failed to

- 7 -

preserve this error [of a miscalculation in determining a child support arrearage] for appellate review by electing not to file a motion for rehearing. . . . [W]e previously declined to extend this . . . reasoning to claims of mathematical error appearing on the face of a final judgment." (citing Smith v. Smith, 39 So. 3d 458, 459-60 (Fla. 2d DCA 2010))); Ferguson v. Ferguson, 54 So. 3d 553, 556 (Fla. 3d DCA 2011) (reversing trial court order that voided a provision of the marital settlement agreement and holding that "an appellate court may, as we now do, reverse a trial court order if there exists reversible error on the face of the order or judgment"); Hirsch v. Hirsch, 642 So. 2d 20, 21 (Fla. 5th DCA 1994) ("[T]he appellate court is authorized to reverse a judgment as a matter of law where an error of law is apparent on the face of the judgment."); Casella v. Casella, 569 So. 2d 848, 849 (Fla. 4th DCA 1990) (reversing for "error on the face of the amended judgment").

Specific to the error of a trial court's failure to make statutorily required findings of fact in a family law proceeding, litigants like the Former Husband in this case could reasonably read prior opinions of this court as allowing such an error to be raised for the first time on appeal. This court has repeatedly reversed in family law cases on this basis without indicating whether the error was or was not first raised in a motion for rehearing. See, e.g., Velez, 253 So. 3d at 121 (reversing for failure to make findings required by section 61.08(8)); Pavese v. Pavese, 932 So. 2d 1269, 1270 (Fla. 2d DCA 2006) (reversing for failure to make findings required by sections 61.08 and 61.075(3)); Walker v. Walker, 818 So. 2d 711, 714 (Fla. 2d DCA 2002) (reversing for failure to make findings required by section 61.08(2)); Farley v. Farley, 800 So. 2d 710, 711 (Fla. 2d DCA 2001) ("Failure to include findings of fact as required by section 61.08 is reversible error."); Milo v. Milo, 718 So. 2d 343, 344 (Fla. 2d DCA 1998) (addressing

requirements of section 61.08(1) and concluding that "[i]t is error for a trial court to fail to set forth the statutorily required findings of fact in the final judgment"). As such, the Former Husband should not be penalized for reasonably relying on prior opinions of this court that reversed on the same basis that he argues in the instant appeal.

We reject the rationale offered by other districts that it is easier for a trial court to correct the error and make the necessary findings during the rehearing period than it would be to recall the case on remand after the appeal process is complete. See Simmons v Simmons, 979 So. 2d 1063, 1065 (Fla. 1st DCA 2008); Mathieu, 877 So. 2d at 741. While we agree that the best practice would be for litigants to raise this type of error before the trial court in a motion for rehearing, see Esaw v. Esaw, 965 So. 2d 1261, 1268 (Fla. 2d DCA 2007) (Silberman, J., concurring), if a litigant fails to do so for whatever reason, he or she should not be foreclosed from having the error corrected, see Fox, 262 So. 3d at 794 ("Rather than refusing to reach an appellate issue for want of a motion for rehearing, it is far better to require a trial court to make the statutorily-required findings. To evade review of a trial court's failure to make required findings because someone either forgot or failed to move for rehearing frustrates the very purpose for those findings.").

This is especially true in the family law context where there is an acute need for the final judgment to contain the findings contemplated by the legislature due to the ongoing nature of family proceedings. See generally § 61.14(1)(a) ("[T]he court may modify an order of support, maintenance, or alimony by increasing or decreasing the support, maintenance, or alimony . . . giving due regard to the changed circumstances or the financial ability of the parties or the child."); Dogoda v. Dogoda, 233 So. 3d 484, 486 (Fla. 2d DCA 2017) ("The petitioner [seeking modification of an

alimony award] must show 'that (1) there has been a substantial change in circumstances, (2) the change was not contemplated at the time of the final judgment of dissolution, and (3) the change is sufficient, material, permanent, and involuntary.' " (quoting Jarrard v. Jarrard, 157 So. 3d 332, 336 (Fla. 2d DCA 2015))).  Allowing the statutorily required findings to go unmade due to an appellant's failure to first raise the issue in a motion for rehearing will create future difficulty in subsequent modification proceedings where the trial court is faced with the task of determining if there has been a material change in circumstances.  See Fox, 262 So. 3d at 793-94 ("The final judgment establishes ground zero for the purpose of petitions for enforcement, modification, and contempt proceedings.  Without the statutorily-required findings of fact, it is difficult, if not impossible, to . . . enforce a judgment, or to subsequently determine if there has been a material change in circumstances sufficient to justify a modification of that judgment.").

We acknowledge that in adopting this preservation requirement, the Third District in Broadfoot "reserve[d] the right to reverse on account of an absence of findings (whether the point was raised in the trial court or not) if the absence of the statutory findings frustrates this court's appellate review."  791 So. 2d at 585.  But quite often this reservation is applied in corollary fashion—affirming based on the district court's conclusion that the lack of statutory findings has not hindered its review of the case. See, e.g., McCann v. Crumblish-McCann, 21 So. 3d 170, 171 ("Where competent, substantial evidence demonstrates need and ability to pay, we will not reverse for absence of statutory findings in the written order."); Worthen v. Worthen, 991 So. 2d 400, 401 (Fla. 2d DCA 2008) ("[T]he Former Husband . . .  made no attempt to show how the error was harmful but rather simply argued that this court should reverse based

- 10 -

on the absence of the findings. Accordingly, we conclude that the trial court's error in omitting the statutorily required findings has not been shown to be harmful and that the final judgment should be affirmed as to these issues."); Buchanan v. Buchanan, 225 So. 3d 1002, 1004 (Fla. 1st DCA 2017) ("Where the basis for an award is reasonably clear and supported by the record, an appellate court should not reverse for absence of statutory findings in the written order."); Delivorias v. Delivorias, 80 So. 3d 352, 354 n.1 (Fla. 1st DCA 2011) ("The instant record is adequate to allow effective appellate review of a proper evidentiary basis for the trial court's ruling."); Caballero v. Caballero, 868 So. 2d 575, 575 (Fla. 3d DCA 2004) ("[A]bsence of statutory findings does not require reversal when basis for dissolution award is reasonably clear and supported by record."); Gonzalez v. Gonzalez, 834 So. 2d 291, 292 (Fla. 3d DCA 2002) (affirming and concluding that amount of temporary support order "is supported by the record"); Broadfoot, 791 So. 2d at 585 ("Where, as here, the basis for the award is reasonably clear and supported by the record, we decline to reverse on account of the absence of statutory findings."). Reaching such a conclusion necessarily involves the district court conducting an independent review of the evidence and inferring factual findings regarding statutory factors where the trial court failed to indicate that it even considered those factors. But the legislature expressly assigned the task of making factual findings to the trial court, and it is a task the trial court can perform on remand more easily than a district court can on appeal because the trial court had the benefit of witnessing firsthand the presentation of evidence. See Sinclair v. Sinclair, 804 So. 2d 589, 592 (Fla. 2d DCA 2002) ("The trial court is in the best position to weigh the evidence and to determine the credibility of the witnesses, and it is not for this court to re-weigh [sic] the evidence or to substitute its judgment for that of the trial court.").

Additionally, "the preservation rules were not designed to allow a trial court to ignore statutory requirements of which it should be aware. Certainly, a judge sitting in family court should be cognizant of what findings are statutorily required in a final judgment of dissolution." Fox, 262 So. 3d at 794. Accordingly, remand for the trial court to make the statutorily required findings is the appropriate disposition in these cases.

Furthermore, to impose such a procedural constraint on a family law litigant elevates judicial convenience over equity. See generally Rosen v. Rosen, 696 So. 2d 697, 700 (Fla. 1997) ("[P]roceedings under chapter 61 are in equity and governed by basic rules of fairness as opposed to the strict rule of law." (citing § 61.011, Fla. Stat. (1995))). Foreclosing a litigant from raising the trial court's failure to comply with the requirements of chapter 61 because he or she failed to raise the issue in the trial court by way of a motion for rehearing creates a procedural bar to achieving equity and allows trial courts to ignore specific legislative directives. See Fox, 262 So. 3d at 794 ("[T]he filing of a motion [for rehearing] could easily eliminate an issue for appeal. But[] because these cases involve children and families, it is equally, if not more, important that the final judgment comport with [c]hapter 61."). This seems to be at odds with the stated purpose of chapter 61 of "mitigat[ing] the potential harm to the spouses and their children caused by the process of legal dissolution of marriage." § 61.001(2)(c).

Finally, the reality of family law is that a large number of litigants appear before the trial court and this court in a pro se capacity. And while "[p]ro se litigants . . . should not be treated differently from litigants in similar situations who are represented by counsel," Anderson v. Sch. Bd. of Seminole Cty., 830 So. 2d 952, 953 (Fla. 5th DCA 2002), this judicially created rule may create a trap that not only has the potential to

affect all family law litigants but in practice could unduly affect pro se litigants. See Fox, 262 So. 3d at 794 ("Requiring a motion for rehearing is a rule that is too restrictive and imprecise to operate fairly where children and families are the focus. This is especially true where many family court cases are handled pro se."). As such, like the Fourth District did in Fox, we urge the Family Law Rules Committee to review and address this issue. See id. at 795.

In conclusion, we hold that the trial court's failure to make specific factual findings that are required by statute as set forth in chapter 61 is reversible error regardless of whether the error was first raised in the trial court by means of a motion for rehearing. In doing so, we certify conflict with the First District's opinion in Owens, 973 So. 2d 1169, the Fifth District's opinion in Mathieu, 877 So. 2d 740, the Third District's opinion in Broadfoot, 791 So. 2d 584, and the cases of those districts that rely on those opinions for the proposition that the trial court's error of failing to make statutorily required factual findings in chapter 61 proceedings must first be raised in the trial court by way of motion for rehearing in order to be preserved for appellate review.

Based on our holding today, we reverse the alimony portion of the trial court's final judgment and remand for the trial court to make the statutorily required findings. We affirm the final judgment in all other respects.

Affirmed in part, reversed in part, remanded, and conflict certified.


KHOUZAM, C.J., and ROTHSTEIN-YOUAKIM, J., Concur.