# Third District Court of Appeal

## State of Florida

Opinion filed February 8, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1404
Lower Tribunal No. 07-15687
_____

**Marcia Stivelman,**
Appellant,

vs.

**Jacques Claudio Stivelman,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Ivonne Cuesta, Judge.

Lorenzen Law, and Dirk Lorenzen, for appellant.

Nancy A. Hass, P.A., and Nancy A. Hass (Fort Lauderdale), for appellee.

Before EMAS, SCALES and LOBREE, JJ.

SCALES, J.

Marcia Stivelman (Former Wife) appeals both an order modifying the alimony obligation of Jacques Claudio Stivelman (Former Husband) and a related order retroactively awarding Former Husband reimbursement of his alimony overpayment. Because the trial court did not articulate the required statutory findings in its final orders, we reverse.

The parties' 2007 Marital Settlement Agreement (MSA), entered into by Former Husband when he was fifty-one years old, provided that Former Husband's $21,000 monthly alimony payments (subject to an annual Consumer Price Index (CPI) adjustment) were non-modifiable until Former Husband reached the age of sixty. The MSA provided for a window that allowed Former Husband, when he was between the ages of sixty and sixty-five, to petition for alimony modification by establishing that "changes in financial circumstances were material, substantial, unanticipated and permanent." This quoted language refers to a change in financial circumstance of either Former Husband or Former Wife.

In May 2018, at age sixty-two, after paying a total of almost three million dollars in alimony over eleven years, Former Husband filed a petition seeking to modify his alimony obligations. The trial court conducted a four-day evidentiary hearing, during which the trial court heard, inter alia, expert testimony from Former Husband's forensic accountant.

2

Based on this testimony, the trial court entered the challenged January 7, 2021 order reducing Former Husband's monthly alimony obligation from $24,699.84 (the CPI-adjusted alimony amount) to $10,586. Upon Former Wife's January 22, 2021 motion for rehearing, the trial court adjusted the modified alimony to $11,500, based on a floor established in the MSA. On January 28, 2021, Former Husband moved the trial court to enter an order making the alimony adjustment retroactive to the date of his modification petition. In a separate June 10, 2021 order, the trial court granted this motion and awarded Former Husband $375,225.36, representing the alimony overpayment, plus prejudgment interest, for a total of $410,756.56.

On appeal, Former Wife challenges the trial court's orders on several grounds: (i) the challenged orders fail to make the findings required by section 61.08(1) of the Florida Statutes; (ii) there was not competent, substantial evidence to support the trial court's ruling that Former Wife's financial circumstances had changed or that the alleged changes were material, substantial, unanticipated and permanent; (iii) the trial court improperly imputed income to Former Wife; and (iv) a downward modification of Former Wife's alimony was inequitable. Because we reverse the challenged orders on the first ground stated above, we do not – and indeed

3

are unable to – reach the other grounds raised by Former Wife, and we express no opinion on these other grounds.

Neither the trial court's January 7, 2021 order nor its June 10, 2021 order recites the requisite statutory findings of section 61.08(2) of the Florida Statutes. § 61.08(1), Fla. Stat. (2021) ("In all dissolution actions, the court *shall include* findings of fact relative to the factors enumerated in subsection (2) supporting an award or denial of alimony.") (emphasis added); see Engle v. Engle, 277 So. 3d 697, 698 (Fla. 2d DCA 2019) ("A trial court's failure to make the required findings is reversible error."); see also Ortiz v. Ortiz, 306 So. 3d 1081, 1083 (Fla. 3d DCA 2020).[1] The requirement of making statutory findings applies not only to a trial court's initial alimony award but also to any modification of an alimony award. Donoff v. Donoff, 940 So. 2d 1221, 1223

---

[1] Former Husband argues that, because the relevant findings are discernible in the record, we should affirm based on the authority of Broadfoot v. Broadfoot, 791 So. 2d 584 (Fla. 3d DCA 2001). In Broadfoot, despite the absence of statutory findings in the trial court's order, this Court affirmed a permanent alimony award because "the award [was] reasonably clear and supported by the record." Id. at 585. We construe Broadfoot, though, as a preservation of error case and do not read the Broadfoot holding as authorizing an appellate court to waive section 61.08(2)'s mandatory requisites. In Broadfoot, the trial court was not afforded the opportunity to correct its error through a rehearing; here, however, Former Wife did file a motion for rehearing that, in part, notified the trial court of its error in omitting the required findings in the alimony award. Notwithstanding Former Wife's motion for rehearing directed toward this issue, the trial court expressly declined to address it. See Engle, 277 So. 3d at 700-01.

(Fla. 4th DCA 2006). While we recognize that in an alimony modification case, the passage of time might render some of the statutory factors less pertinent than others, our ability to review the appropriateness of an alimony award is predicated on a full recitation of the section 61.08(2) findings. Rowe-Lewis v. Lewis, 267 So. 3d 1039, 1042 (Fla. 4th DCA 2019).

Reversed and remanded for proceedings consistent with this opinion.